1828.

Mitchell
v.
Smith.

---

[*287]

### MITCHELL AND NASH v. SMITH.

A bill of discovery will be sustained to aid the prosecution or defence of a civil suit in a foreign tribunal.

December 2d.

IN this suit, a bill of discovery was filed to aid the defence to an action at law brought against the complainants in the Superior Court of Fairfield County, in the state of Connecticut, at the suit of the defendant Smith, who is a resident of this state. To this bill, the defendant interposed a plea to the jurisdiction of the court; alleging that by the laws of Connecticut, the Superior Court, on a bill in equity brought and presented there, can compel and enforce from a plaintiff in a suit at law a discovery and foreclosure, on oath, of the matters charged in such bill, to be used as evidence in the suit at law.

*W. Silliman*, for complainants, cited 1 Fowler's Exch. Pr. 395; *Asgill* v. *Dawson*, (1 Bunb. R. 70;) 1 Brown's C. C. 418; *Wood* v. *Strickland*, (2 Ves. & Beam. 150; Beame's Pleas in Eq. 91; 2 Madd. Pr. 240; *Ward* v. *Anedondos*, (1 Hopk. R. 223;) *Arglasse* v. *Muschamp*, (1 Vern. 75;) Beame's Pleas, 97;) 1 Chit. Pl. 443, and note to Am. Ed.; *Bishop of London* v. *Fylche*, (1 Brown's C. C. 98;) *Kennedy* v. *Cassillis*, (2 Swan's 330; 1 Madd. R. 161; *Dunn* v. *Coates*, (1 Atk. 288;) Anonymous, (2 Ves. sen. 451;) *Street*

v. *Ridgley*, (6 Ves. 821 ;) *Brandon* v. *Sands*, (2 Ves. jun. 514 ;) Beame's Pleas, 148.

*J. R. Scott*, for defendant, cited 1 Madd. Ch. Pr. 161, 171 ; Coop. Pl. 191 ; Beame's Pleas in Eq. 259, 260 ; Swift's Dig. Cont. 208 ; *Dunn* v. *Coates*, (1 Atk. 289 ;) *Earl of Derby* v. *Duke of Athol*, (1 Ves. sen. 205 ;) Anonymous, (2 Ves. sen. 451 ;) Beame's Pleas, 335 ; *Cunningham* v. *Wegg*, (2 Brown's C. C. 241 ;) Statutes of Connecticut, 138, sec. 10 ; id. 195, sec. 1 ; Beame's Pleas, 323, 324.

THE CHANCELLOR :—The different elementary writers on the jurisdiction of the Court of Chancery lay it down as an *established principle, that this court will sustain a bill of discovery to aid the prosecution or defence of a civil suit in a foreign tribunal. (Coop. Pl. 191 ; Mitford's Pl. 150 ; 1 Madd. Ch. 196.) And the case of *Crow and others* v. *Del Ris & Vellego*,[1] decided by the English Court of Chancery in 1769, is

[*288]

[1] The learned Chancellor is not supported in this opinion by recent English cases. The Court of Chancery in that country have of late shown a strong disinclination to sustain a bill of discovery to aid a prosecution or defence in a foreign tribunal. In *Bent* v. *Young*, 9 Sim. 161 ; Shadwell, V. C., is reported to have said, "In the case of the *Earl of Derby* v. *Duke of Athol*, Lord Hardwicke seems to think it clear that this court will not compel discovery in favor of an inferior court, or a court which has power, in itself, to compel a discovery. Those two propositions are plainly deducible from the language which his Lordship uses towards the conclusion of his judgment ; and I consider that, in the contemplation of the Court of Chancery, *every foreign court is an inferior court.*

"In the case of *Crowe* v. *Del Rio*, (which is the only authority on the point now before me), the defendants were compelled to answer by the overruling of the demurrer ; and it seems to me that, without entering into the merits of the case, the demurrer was defective in point of mere form, and therefore, it might have been overruled on that ground. In that case two grounds of demurrer were assigned. One was the general want of equity ; but, as the bill was not filed for relief but for discovery only, *that* could be no objection. The other ground was that the defendants were not parties in the foreign court. That, therefore, was a speaking demurrer, for there was no allegation on the face of the bill, that they were parties to the suit, and, the Lord Chancellor may, very probably, have overruled the demurrer on that ground, without at all entering into the consideration of the question, whether this court will enforce discovery in aid of proceedings in a foreign court.

cited by those writers as establishing that principle. This jurisdiction, which is merely ancillary to the courts of other states, is entirely different from that which would interfere with their proceedings by injunction. If the party wishes to stay the proceedings at law until he can obtain a discovery, he must apply to the tribunal of the state or country where the action at law is pending.

The plea in this case appears to be founded upon the principle, that this court will not sustain a bill of discovery in aid of the jurisdiction of another court, if such court has power to compel the discovery required. But that principle is misapplied here. The case of *Dunn* v. *Coates*, (1 Atk. 288,) cited in support of this principle, was a bill seeking a discovery in aid of the jurisdiction of the Ecclesiastical Court; and the discovery was refused, on the ground that those courts were capable of coming at the discovery themselves. By the ordinary course of proceedings in those courts, a party may set forth the facts on which he relies, or which he seeks to establish, in the form of an allegation, which the other party may be compelled to answer personally, on oath. Such discovery is not only made in the same court, but in the same suit or proceeding. A bill of discovery in such a case would be worse than useless. The power of the superior courts in Connecticut to compel a discovery is of a very different description. It sufficiently appears from the defendant's plea, and such is undoubtedly the fact, that those courts have two distinct and independent jurisdictions, one of law, and the other in equity, like the Exchequer in England, or the federal courts of our own country. For the purposes of discovery, therefore, the law and equity sides of the Superior Court of Fairfield County are as distinct as if those powers were separately vested in different judges. If that court has the power to compel a discovery from the defendant, who is a resident of this state, it cannot be done by any proceeding in the [*289] *suit instituted there on the common law side of the court, but must be by a bill in Chancery. Whether the equity

powers of that court are sufficiently extensive to reach this particular case of compelling a discovery from a non-resident party, does not distinctly appear from the averments in the defendant's plea. The same must, therefore, be overruled with costs ; and the defendant must answer the complainant's bill within thirty days.