McComb *v.* Chicago, St. Louis & New Orleans R. Co. and another.

*(Circuit Court, S. D. New York.   February 10, 1881.)*

1. DISCOVERY—OFFICER OF CORPORATION.
    An officer of a corporation cannot be made a party defendant to a cross-bill, for the purpose of discovery, where he did not derive the desired information in his official capacity.

2. SAME—SAME.
    In such case the discovery cannot be had, although the officer derived his information from a participation in the creation of the corporation.—[ED.

In Equity.   Demurrer.
*F. N. Bangs* and *F. C. Stetson,* for plaintiff.
*J. Emott* and *Ashbel Green,* for defendant Osborn.

CHOATE, D. J.   The defendant corporation having brought a suit in equity against this plaintiff, the principal object of which was to procure a decree adjudging void certain mortgage bonds of the Mississippi Central Railroad Company, a corporation formerly owning a railroad now belonging to defendant corporation, this plaintiff had leave of the court to file a cross-bill.   In his cross-bill the plaintiff joined as a defendant, for the purposes of discovery, the defendant Osborn, the president of the defendant corporation.   One of the defences set up in the cross-bill is that the title of the defendant corporation to its railroad is derived through the foreclosure of a subsequent mortgage thereon; that by the terms of the mortgage so foreclosed, and also by the provisions of

an agreement entered into by the bondholders under said foreclosed mortgage made shortly before the foreclosure, and which by consent of all the parties to the foreclosure and by order of the court was embodied in and made part of the decree of foreclosure, the cause of action existing, if any, against this plaintiff, by virtue whereof the defendant corporation would otherwise have been entitled to have the bonds held by the plaintiff adjudged void, was released, and said bondholders and this defendant corporation are precluded and estopped to set up against the plaintiff the illegalities and alleged frauds by which in the original bills the validity of said bonds is sought to be impeached.

The defendant corporation, or rather another corporation, the Central Mississippi Railroad Company, which has, with still another corporation, been consolidated into the defendant corporation, became the purchaser of the railroad from the committee of bondholders who bid off the property upon its sale in foreclosure, and, for the purpose of this demurrer, may be regarded as having been virtually formed of the bondholders under said foreclosed mortgage, as claimed by the learned counsel for the plaintiff. The defendant Osborn, who is the president of the defendant corporation, is alleged to have been one of the purchasing committee of bondholders, and is claimed from this circumstance to have been the agent of all the bondholders in the transaction which resulted in the foreclosure, including the Illinois Central Railroad Company, which was the holder of the largest part of said bonds, and is alleged to have joined in said agreement prior to foreclosure.

The defendant Osborn demurs, on the ground that he is improperly joined as defendant.

The interrogatories put to the defendant Osborn are designed to discover what amount of said bonds was held by the Illinois Central Railroad Company, and whether that company, and, if any, what other bondholders, assented to the decree in foreclosure. The demurrer must be sustained.

It is proper for a defendant in a bill in equity, who files a cross-bill, to make defendants of parties not parties to the orig-

inal bill, where they are necessary to complete relief. *Brandon Manuf'g Co.* v. *Briner*, 14 Blatchf. 371. And the practice is established of joining, for purposes of discovery, an officer of a defendant corporation, where plaintiff is entitled to discovery in a suit against a corporation. The reason of the rule, as stated by Lord Chancellor Talbot in the leading case of *Wyck* v. *Mead*, 3 P. W. 310, which seems to have finally established the practice, is that as "the plaintiff ought to have discovery," and as "the defendants can answer no otherwise than under their common seal, and though they answer never so falsely, still there is no remedy against them for perjury;" therefore, "it has been a usual thing to make the secretary, book-keeper, or any other officers of a company defendants." As observed in that case, although the answer of the defendant could not be read against the company, "yet it may be of use to direct the plaintiff how to draw and pen his interrogatories towards obtaining a better discovery," and "it may be very mischievous and injurious to the subject to deprive them of that discovery to which, in common justice, they are entitled;" and, on the other hand, "no manner of inconvenience can ensue from obliging such officers of a company to answer." Later cases have added but little either to the extent of the rule or the exposition of the reason upon which it is based. It is conceded to be an exception to the general rule that a mere witness cannot be joined for purposes of discovery. And the rule has been extended to members of a corporation who are not officers. *Fenlon* v. *Hughes,* 7 Ves. 289; *Moodalay* v. *Morton*, 1 Bro. Ch. 469; *Dummer* v. *Chippenham*, 14 Ves. 245; *Many* v. *Beckman Iron Co.* 9 Paige, 188; *U. S.* v. *Wagner*, L. R. 2 Ch. 582; *Glasscott* v. *Iron Co.* 11 Sim. 305.

No case has gone so far as to join an officer of a corporation for the purpose of a discovery of matters which were not within his knowledge as such officer, or learned by him while in the service, or as a member of the corporation, nor, as in this case, matters which took place before the corporation was formed, or in which it had no part, though it appears that by and through other sources of information the

officer happens to have obtained such knowledge.   Assuming that the matters inquired of are, as stated by plaintiff's counsel, dealings in which he was agent for those who are now stockholders or beneficiaries of the company, and which dealings were part of the process of bringing that company into life, yet there is no precedent for this bill, as a bill of discovery, against the defendant Osborn, and to sustain it would, I think, be going beyond the recognized limits of this exceptional rule, and beyond the reasons on which the rule is founded.   See Story Eq. Pleadings, (9th Ed.) § 235, notes, and cases cited.

Demurrer sustained.