POST AND COMPANY *vs.* TOLEDO, CINCINNATI, AND ST. LOUIS RAILROAD COMPANY & others.

Suffolk.   Nov. 18, 19, 1886. — May 5, 1887.   C. ALLEN, J., did not sit.
HOLMES & GARDNER, JJ., absent.

A corporation organized under the laws of another State, which has obtained a judgment in that State against a corporation also organized under the laws of that State, may maintain a bill in equity in this Commonwealth against the officers of the debtor corporation, for discovery of the names of its stockholders and of the number of shares held by each, if the officers reside in this Commonwealth and the books of the corporation are kept here, in order, by a suit in the other State, to enforce a personal liability imposed upon such stockholders by the laws of that State.

FIELD, J.   This is a bill in equity, brought by a corporation organized under the laws of the State of Ohio, and it seeks discovery only.   There is no doubt that such a bill is within the jurisdiction of the court.   Pub. Sts. *c.* 151, § 2, *cl.* 14; *c.* 198, § 16.   St. 1883, *c.* 223, § 10.

The statutory provisions whereby parties are made competent witnesses, and are permitted in suits at law or in equity to obtain from each other the discovery of facts and documents by filing interrogatories, have not taken away the jurisdiction of the court to entertain bills of discovery, although they may affect the exercise of this jurisdiction in reference to suits brought in our own courts.   These provisions are not inconsistent with the statutes relating to bills of discovery, nor with the general equity jurisdiction of the court over such bills; and the remedies afforded by interrogatories, or by calling the parties as witnesses, are manifestly inapplicable to the present suit, as no relief is sought in it.

Although in *Aultman's appeal*, 98 Penn. St. 505, the courts of Pennsylvania apparently took full jurisdiction over an Ohio corporation and its stockholders, to enforce the liability of the stockholders under the statutes of Ohio, we assume, as was substantially conceded by all the parties at the argument, that our courts would decline to exercise any such jurisdiction. See *Erickson* v. *Nesmith*, 15 Gray, 221, and 4 Allen, 233 ; *Halsey* v. *McLean*, 12 Allen, 438 ; *Smith* v. *New York Ins. Co.* 14 Allen, 336 ; *New Haven Horse Nail Co.* v. *Linden Spring Co.* 142 Mass. 349.

The object of this bill is to obtain from the defendants a discovery of the stockholders of an Ohio corporation, in order that the plaintiff may institute a suit in the courts of Ohio against the corporation and its stockholders, to collect a judgment which the plaintiff has obtained against the corporation. The liability of the stockholders is imposed by the constitution and statutes of Ohio. The Ohio corporation has been made a defendant to the bill here, but has not appeared in the suit, and no service has been made upon it, and we are not aware that any effectual service could have been made upon it. The other defendants are alleged to be the officers and directors of the corporation who reside in Massachusetts, and they have been personally served with process, and have appeared. The case would perhaps have been presented more satisfactorily if the bill had contained a fuller statement of the law of Ohio, and had set out the statutes of that State in terms, because the law of Ohio is a fact, although the construction of its statutes is for the court, and whatever knowledge we may have of that law beyond the allegations of the bill, we cannot use it for the purpose of deciding the case.

It appears by the bill that, in the proceedings in the Ohio courts, the corporation and all its stockholders who are liable must be made parties defendant ; that the stockholders who are liable are not only those who appear on the books of the corporation to be stockholders, but those who are equitable owners of the stock ; and that each of such stockholders is liable, in addition to his stock, to an amount equal to the stock " for the payment of the debts and liabilities of the corporation." The bill does not allege that those only who were stockholders on

the day when the judgment was rendered, or at any other time, are liable, but it asks that the defendants may be compelled to disclose the names and residences of all persons who were stockholders, legal or equitable, before or on the day when the judgment was rendered, and of all persons who have become stockholders since that day, with the amount of stock held by each, and "how long each held the same." The bill does not allege that the defendants at any time were stockholders, or that the law of the State of Ohio requires that the officers and directors of a corporation shall be stockholders. It does not allege that the courts of Ohio have not power to compel disclosure from the defendants, if they could be brought before the courts of that State, or what, if any, provisions are made by the laws of that State for the purpose of ascertaining the stockholders who are liable. The bill alleges that "there is no officer of the defendant corporation, or person, or book, or paper, within the jurisdiction or control of any of the courts of Ohio, from whom or from which the information sought by this bill, or any part thereof, can in fact be obtained ; . . . . that all of said officers," by which is meant all of the defendants, "reside in Boston, within the jurisdiction of this court ; that the said railroad company has its only office for the transfer of stock in said Boston ; that all the books for the transfer of stock, and all books which show the shareholders in said railroad company, are in said Boston, and are in the possession or under the control of the aforesaid officers, or some of them ; that a majority of the board of directors of said railroad company reside in said Boston ; and that all the directors, and all the other principal officers of said railroad company, reside outside the State of Ohio."

Taking all the allegations of the bill together, we think it appears that the sole difficulty which the plaintiff encounters is, that the courts of Ohio are powerless to compel the disclosure it seeks, because all the officers of the corporation reside without that State, and all the books of the corporation are in the possession of the officers, or of some of them, and are also without that State.

The obligation imposed by the statutes of Ohio upon the stockholders for the purpose of securing the payment of the

debts of the corporation is *quasi ex contractu*. It must be taken that all persons who become stockholders in an Ohio corporation know the law under which the corporation is organized, and assent to the liability which that law imposes upon stockholders; and that all persons who deal with the corporation rely upon the liability of the stockholders as security for the payment of whatever debts may be due them from the corporation. It is for the people or the Legislature of each State to determine to what extent, if at all, the stockholders of corporations created by the laws of that State shall be liable for the debts of such corporations. It was early the policy of Massachusetts to make every stockholder liable to have his property taken to satisfy a judgment against a Massachusetts corporation of which he was a member; see *Child* v. *Boston & Fairhaven Iron Works*, 137 Mass. 516; and although this policy has now been changed, and the liability restricted to specific cases, and to corporations of a particular character, yet there is nothing in the laws of Ohio, as stated in the bill, that is so opposed to the general policy of our laws that even citizens of Massachusetts, who voluntarily have become stockholders in Ohio corporations, should not be held to perform the obligations imposed by those laws. The difficulty which courts find in dealing with foreign corporations in matters relating to their internal affairs and management, the impossibility of compelling persons to perform their obligations, unless either the bodies or the property of such persons can be attached, the intimate relations existing between the States of the United States, and the well-known fact that corporations are frequently organized by the citizens of one State under the laws of another and the principal offices of the corporations kept in a State other than that of their creation, all induce us to give whatever aid the principles of law permit to persons who are endeavoring to enforce the obligations which attach to stockholders in foreign corporations.

Our statutes, in cases where the stockholders are liable for the debts of a Massachusetts corporation, require that the clerk or other officer having charge of the records shall furnish to a judgment creditor of the corporation a certified list of the names of the stockholders. Pub. Sts. *c.* 106, §§ 63, 83. See *c.* 105, § 26. And, if the officers and records were beyond the reach of the

process of our courts, the aid of courts of other jurisdictions might be necessary to make the remedy provided by our statutes effectual.

This court does not take jurisdiction of a suit to enforce this liability of stockholders in a foreign corporation, not because it would be a. suit to enforce a penalty, or a suit opposed to the policy of our laws, but because it is a suit against a foreign corporation which involves the relation between it and its stockholders, and in which complete justice only can be done by the courts of the jurisdiction where the corporation was created. The procedure is in the nature of a partial liquidation of the affairs of a corporation under the statutes of the State which created it, and it resembles the proceedings under our statutes for enforcing the liability of the officers or members of manufacturing corporations, or for winding up insolvent banks and mutual insurance companies. If an assessment is to be laid upon the members or stockholders, or a contribution enforced from them, according to the law of the State under which the corporation is created, the courts of that State alone can afford complete and effectual judicial relief.

The question is whether the plaintiff's bill states a case in which " a discovery may be lawfully required according to the course of proceedings in equity." Pub. Sts. *c.* 151, § 2, *cl.* 14.

It is conceded that the primary object of discovery was to obtain admissions from a party which could be used as evidence against him, and that the general rule was that discovery could not be had from a person who had no interest in the litigation, and who could be called as a witness. In suits against a corporation, as it answered under its common seal, and not under oath, the practice was early established of making one or more of its officers or members co-defendants, and of compelling them to make disclosure of such facts within their knowledge as the corporation, if a natural person, could. have been compelled to disclose, although their answers could not be used as evidence against the corporation. Their answers enabled the plaintiff to ascertain, in advance of a trial, what the facts within their knowledge were, and to propound proper interrogatories to them or to other persons as witnesses. *Wright* v. *Dame*, 1 Met. 237.

In *Queen of Portugal* v. *Glyn*, 7 Cl. & Fin. 466, one Soares had brought an action against Glyn and others on certain bills of exchange, and the defendants in that action brought a bill in equity against Soares and the Queen of Portugal for discovery to aid them in the defence of the action, and alleged, among other things, that Soares held the bills as the agent of the Queen. The Queen demurred to the bill, and the demurrer was allowed, on the ground that discovery could not be had from persons interested in the subject of a pending action at law who were not parties of record in that action ; and a distinction was taken between bills for relief and discovery, and bills for discovery only. It was, however, there said by Lord Chancellor Cottenham, that " the cases of officers of corporations stand on principles entirely peculiar to themselves, and have obviously no application to the present case."

In bills for relief, persons other than the principal defendants, who are connected with the subject of the suit, or are in possession of documents which concern the litigation, have sometimes been made parties for the purpose of obtaining a discovery of facts and documents from them, and discovery is also had from the defendants of the names of other persons who are interested in the subject of the suit, if it is necessary to make them parties in order that the decree may be complete and effectual; and in bills in equity to collect a judgment obtained at law, on which an execution has been returned unsatisfied, discovery has been had of the property of the defendants, and incidentally of persons in whose possession the property is, in order to subject it to the payment of the plaintiff's judgment. Under recent British statutes, this jurisdiction is exercised liberally by interrogatories to parties, or by orders in the suit. *Dixon* v. *Fraser*, L. R. 2 Eq. 497. *Sherlock* v. *Disney*, 13 Ir. Eq. 233. *Hambrook* v. *Smith*, 17 Sim. 209. *Rawlins* v. *Dalton*, 3 Y. & C. 447. *Macclesfield* v. *Davis*, 3 V. & B. 16. *Hancocks* v. *Lablache*, 3 C. P. D. 197. *Bovill* v. *Cowan*, 15 W. R. 608. *Meader* v. *Isle of Wight Ferry Co.* 9 W. R. 750. See also *Bay State Iron Co.* v. *Goodall*, 39 N. H. 223.

The present case must be determined by the principles declared in the few cases where the plaintiff does not know the names of the persons against whom he intends to bring a suit,

and brings a bill against persons who stand in some relation to them, or to their property, in order to discover who the persons are against whom he may proceed for relief.

It seems to be settled that a bill will lie against a corporation and its officers, to compel a discovery from the officers, to aid a plaintiff or a defendant in maintaining or defending a suit brought against or by the corporation alone. *McComb* v. *Chicago, St. Louis, & New Orleans Railroad*, 19 Blatchf. 69.    *Costa Rica* v. *Erlanger*, 1 Ch. D. 171.    *Glasscott* v. *Copper-Miners' Co.* 11 Sim. 305.    *Moodalay* v. *Morton*, 1 Bro. C. C. 469.    *MacGregor* v. *East-India Co.* 2 Sim. 452.    *Bolton* v. *Liverpool*, 1 Myl. & K. 88.    See *Colgate* v. *Compagnie Francaise du Telegraphe*, 23 Fed. Rep. 82.

It is settled that a bill of discovery may be maintained, to aid the plaintiff in a suit which he intends immediately to bring, as well as in a suit already brought, if the bill discloses a cause of action, and the difficult question is, under what circumstances such a bill may be maintained for the purpose of ascertaining the proper parties against whom the suit should be brought.

In *Mayor of London* v. *Levy*, 8 Ves. 398, upon demurrer to the bill, the argument was upon the question whether the facts stated would subject the defendants to an indictment or a penalty, and the demurrer was allowed, on the ground that the bill did not "state who are the persons against whom the action is to be brought," nor was it a bill stating "such circumstances as may enable the court, which must be taken to know the law, and therefore the liabilities of the defendants, to judge; but stating circumstances; and averring, that you have a right to an action against the defendants or some of them." But the facts of that case were not such as required the court to overrule the old cases of *Standen* v. *Bullock*, Toth. (ed. 1671,) 71, *Heathcoate* v. *Fleete*, 2 Vern. 442, *Morse* v. *Buckworth*, 2 Vern. 443, and *Moodaly* v. *Moreton*, 2 Dick. 652, nor were these cases noticed in the opinion. Whether these decisions would now be followed in like cases need not be determined. The recent decision of Vice-Chancellor Hall in *Orr* v. *Diaper*, 4 Ch. D. 92, shows that, under some circumstances, discovery may be had for the purpose of ascertaining the persons against whom the plaintiff may bring a suit, although he does not allege that he has a cause of action

against, or intends to sue, the persons who are the defendants in the proceedings for discovery. See *The Murillo*, 28 L. T. (N. S.) 374; and *Hoppock* v. *United New Jersey Railroad*, 12 C. E. Green, 286, and 1 Stew. (N. J.) 261.

It is clear that courts do not compel discovery from persons who sustain no other relation to the contemplated litigation, or to the subject of the suit, than that of witnesses, and it is also clear that a bill for discovery cannot be used to enable a plaintiff to fish for information of any causes of action he may have against other persons than the defendants. See *Twells* v. *Costen*, 1 Pars. Sel. Cas. 373. But when a plaintiff has a cause of action against persons who are defined, either by statute, or by their relations to property or to a business by the management of which the plaintiff has suffered injury, and the names and residences of these persons are unknown to him, it is not clear that there may not be such a state of facts that a court ought to compel a discovery of the names and residences of these persons from their agents in charge of the property or business, and the decisions recognize that this may sometimes be done.

In the present case, it is the duty of the corporation to pay the plaintiff's judgment, if it have sufficient assets; a part of its assets for that purpose is the liability of its stockholders; the corporation acts only through its directors and other principal officers, and it is necessary that the plaintiff, in order to enforce the liability of the stockholders, and thus obtain satisfaction of its judgment, should bring suit against the corporation and all its stockholders; and the plaintiff, except by discovery, cannot ascertain who these stockholders are. We can have no doubt that, if the principal suit could be brought here, the plaintiff could, either in that suit or by a bill for discovery, obtain from the officers of the corporation a discovery of what, from the books of the corporation or their own official knowledge, they could disclose of the names and residences of the stockholders who were liable to contribute towards the payment of the plaintiff's judgment. A court of equity would not permit the remedy intended by the statutes to be made unavailing by the refusal of the corporation, acting through its officers, to disclose who its stockholders were, even if the officers were not expressly required by statute to disclose them.

But it is argued by the defendants, that this court will not compel discovery in aid of a foreign tribunal; and they rely upon *Bent* v. *Young*, 9 Sim. 180, and *Reiner* v. *Salisbury*, 2 Ch. D. 378. *Bent* v. *Young* was apparently decided on three grounds; first, that it did not appear that the plaintiff could not obtain relief by filing a bill for that purpose in the English courts; secondly, that it did not appear that the court in Surinam could not compel the discovery sought; and, thirdly, that, " in the contemplation of the Court of Chancery, every foreign court is an inferior court," and therefore the case was within the rule that the Court of Chancery will not compel discovery in aid of an action in the inferior courts of England ; and it was suggested that, although the defendant was a resident of England, and had never been resident in Surinam, " *non constat* therefore " that he " may not be in Surinam when the suit there is commenced." The first two reasons are cogent; the last reason and suggestion do not require serious consideration. *Reiner* v. *Salisbury* was decided on the grounds that the suit for the recovery of the land must be brought in India; that the defendant, the Secretary of State for India in Council, was in India as well as in England, and could be sued in India; and that the plaintiff would have the same right to discovery from him in India as in England.

In *Mitchell* v. *Smith*, 1 Paige, 287, a bill was maintained in the Court of Chancery of New York for the discovery of matters in aid of the defence of an action at law brought in Connecticut.

In *Burgess* v. *Smith*, 2 Barb. Ch. 276, it is said: " This court has jurisdiction, and will entertain a bill of discovery in aid of the prosecution of a civil suit, in a sister State, or in a foreign tribunal, or in a court of the United States."

In modern times, it is the policy of States to afford aid to foreign tribunals in the taking of testimony to be used in suits pending there. Our statutes make provision for compelling a witness to give his deposition in a cause pending in a court in " any other State or government." Pub. Sts. *c.* 169, § 44. See U. S. St. of March 3, 1863; *Ponsford* v. *O' Connor*, 5 M. & W. 673.

The jurisdiction which courts of equity exercise as ancillary to that of other courts is not, either on principle or authority, confined to other courts of the same State. A receiver has been

appointed to collect or to preserve property pending litigation in a foreign court, and an injunction has been granted against transferring property until the title could be determined in a foreign court. *Transatlantic Co.* v. *Pietroni*, H. R. V. Johns. 604.

In the present case, the fact that all the officers and all the books of the corporation are without the State of Ohio makes it, as the bill alleges, impossible for the plaintiff to obtain the discovery in the Ohio courts; and, as we think the plaintiff is entitled to discovery from the officers of the corporation, we are of opinion that a bill for discovery may be maintained here, where the officers and books of the corporation are. The defendants demur to the whole bill, and, if the plaintiff is entitled to any of the discovery it seeks, the demurrer must be overruled. We think that at least a case is stated for the discovery of the names and residences of the persons who, as stockholders, are liable by the laws of Ohio to contribute towards the payment of the plaintiff's judgment, and of the amount of stock held by each, so far as this appears on the books of the corporation, or has become officially known to the defendants while they were acting as such officers. *McComb* v. *Chicago, St. Louis, & New Orleans Railroad, ubi supra.*                        *Demurrer overruled.*

*W. G. Russell & J. Fox*, for the defendants.

*J. B. Warner*, for the plaintiff.