In the Matter of the Application of the United States Pipe Line
Company, Appellant, for the Issuing of Subpœnas, etc.; John
D. Archbold and Others, Respondents.

*Commissioner to take testimony, appointed by a foreign court — a witness refusing to
answer proper questions, how compelled to do so.*

Where the court of a foreign State, acting under section 915 of the Code of
Civil Procedure, has appointed, in an action pending there, a commissioner to
take the testimony of witnesses resident in the State of New York for use in
that action, and the witnesses, after a subpœna has been issued, appear, but
refuse to answer certain questions put to them, the judge who issued the sub-
pœna has power, under sections 855 *et seq.* of the Code of Civil Procedure, to
imprison the witnesses until they do answer such questions as they shall be
required to answer.

The remedy thus provided for the refusal of a witness to answer proper ques-
tions is exclusive in its nature, rests solely in the judge of the court, and no
power is given to the court, acting as such, to enforce it.

Appeal by the United States Pipe Line Company, from an order
of the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York on the
15th day of January, 1897, denying its motion to compel the wit-
nesses John D. Archbold and others to answer certain questions put
to them, which they refused to answer.

*Horace E. Deming,* for the appellant.

*William V. Rowe* and *Joseph H. Choate,* for the respondents.

Rumsey, J.:

In September, 1896, an action was pending in the Court of Com-
mon Pleas of McKane county, Penn., in which the National Transit
Company and another were plaintiffs and the United States Pipe
Line Company was defendant. The court in which that action was
pending appointed a commissioner to take the testimony in the city
of New York of certain persons residing therein, as witnesses, to
be used in that action. This testimony was to be taken by oral
questions. A proper application was made, as required by the
Code, to a justice of this court, who issued a subpœna requiring the
witnesses to appear before the commissioner at a time therein

named. They did so appear, but they declined to answer certain of the questions asked them. An application was made for an order to show cause at a Special Term of the court why the witnesses should not be required to answer the questions. Upon the hearing of that order to show cause, the motion was denied. From that denial this appeal is taken.

It is claimed on behalf of the appellant that no sufficient means is provided by statute for compelling the attendance of witnesses upon the taking of testimony under a commission of this kind, or to require the witnesses who attend to answer material and proper questions, and, therefore, it is said that the court, by virtue of its inherent power to compel obedience to its own mandates, has authority to issue such process as is necessary to compel the attendance of witnesses and to require them when they attend to answer such questions as are proper to be put to them for the execution of the commission.

It was claimed on the other hand by the respondents that the judge who issued the subpœnas to compel attendance of witnesses before the commissioner, pursuant to section 915 of the Code of Civil Procedure, acted solely under a statutory power in the exercise of an authority unknown to the common law, and that his mandate was not the mandate of the court, and that the only remedy for the disobedience to that mandate was such as was given by the statute, and consequently there was no power in the court to make the order asked for here. This view was concurred in by the learned justice below, and he acted upon it and denied the motion. To a certain extent we concur in the conclusion which he reached.

A proceeding to take testimony in this State for use in an action pending in the court of another State before a commissioner appointed by that court, is entirely unknown to the common law. In the absence of any statute upon the subject, the Court of Chancery in this country assumed jurisdiction to compel the giving of testimony by residents of the State to be used in a suit pending in a foreign country by a bill of discovery filed for that purpose. (*Mitchell* v. *Smith*, 1 Paige, 287; *Post & Co.* v. *Toledo, etc., R. R. Co.*, 144 Mass. 341.) That the Court of Chancery had jurisdiction was not admitted in the English courts, and even where that jurisdiction was exercised it was slow and expensive, but yet, until some statute was passed for

the taking of such testimony, no other way was known to procure it. The whole proceeding is statutory in its nature, and the well-settled rule applies that, where a remedy or proceeding is created by statute, it can be exercised in no other way than that prescribed in the statute, and if the statute prescribes any particular mode of enforcing the remedy which it gives, that mode is exclusive, and the remedy must be sought in that way and can be pursued in no other way. (Suth. on Stat. Const. §§ 391, 392, 399; *Dudley* v. *Mayhew*, 3 N. Y. 9.) Therefore, we must look to the statute which prescribes the mode of enforcing the attendance of witnesses in these proceedings to see if there is any such mode prescribed, and the remedy of the appellant, if it has any, is to be sought within that statute. It is quite clear that by the statute upon that subject no power is given to the court as such, to compel witnesses appearing before the commissioner to answer questions which are put to them, and for that reason the conclusion reached by the learned justice below, that this application could not be granted, was correct, and his order must be affirmed.

But we do not agree with his conclusion that the only remedy for a refusal to obey the subpœna, or to answer questions when the witness has appeared before the commissioner is that given in section 920 of the Code of Civil Procedure. A short reference to the statutes on that subject will, we think, show that it has always been the policy of the law for the taking of testimony to be used in a foreign State, not only to provide sufficient means to compel the attendance of witnesses before the commissioner, but also to prescribe the way in which the witnesses when they appear could be compelled to give testimony.

The first statute on the subject is found in the Revised Laws (1 R. L. 1813, p. 49), in which it is provided substantially that certain judicial officers might issue a summons requiring witnesses resident in this State to appear before them to give testimony in an action pending in another State. The statute prescribed the mode of service of summons, and the witness was required to obey it and to give testimony pursuant to its directions, and a way was provided to compel him to appear and to give testimony in obedience to the summons. By the Revised Statutes (2 R. S. 397, 398, §§ 29-32) this proceeding was amended in certain respects, and the

judge was authorized to issue a summons requiring the witness to appear before a commissioner appointed by a court in another State to take testimony in this State for use therein. There is no penalty especially provided in the sections of the Revised Statutes just cited for compelling the testimony of witnesses pursuant to those sections, but the whole subject is treated in another part of the Revised Statutes and is provided for there. (2 R. S. 400–402, §§ 42–49.) Those sections provide for compelling the witness to appear before the commissioner, and they direct substantially that upon his refusal to appear, or, if he has appeared, upon his refusal to give testimony, the judge who issued the summons shall have power to imprison him until he shall obey the summons and give testimony pursuant to its requirements. These provisions of the statute continued in force until the adoption of the Code of Civil Procedure, so it will be seen that until that time at least it was the policy of the Legislature to provide not only for the taking of testimony to be used in the courts of another State, but a manner in which the giving of such testimony might be enforced. An examination of the Code of Civil Procedure discloses that this policy has not been abandoned. The cases in which depositions may be taken to be used in the courts of another State and the manner of procuring the attendance of the witness before the commissioner are prescribed in sections 914 to 917 of the Code of Civil Procedure. These sections are substantially the same as the provisions of the Revised Statutes on that subject (2 R. S. 397, 398, §§ 29–32), and like the Revised Statutes, there is not prescribed in that particular article of the Code any manner of enforcing the attendance of the witness. It is quite true that section 920, which is contained in the same article, provides that any person who fails to appear pursuant to the subpœna or to give testimony or to subscribe his deposition, is liable to the penalties which would be incurred in like case if he was subpœnaed to attend the trial of an action in the Justices' Court, and for that purpose the officer before whom he is required to appear possesses all the powers of a justice of the peace upon the trial. But without considering the question whether this section is effective to give to a commissioner appointed by a foreign court the power to inflict penalties upon a citizen of this State for a refusal to obey the subpœna, it is quite true that the section, while it provides

a punishment for a refusal to obey, does not furnish any means of enforcing obedience. The powers given to a justice of the peace upon a trial to inflict penalties for a refusal to obey a subpœna are those mentioned in sections 2974 to 2977. They authorize simply the imposition of a fine of not less than one dollar or not more than ten dollars, but they prescribe no means of compelling the attendance of the witness or of compelling him to testify if he shall see fit to pay the fine instead. Section 2870, authorizing a justice of the peace to punish for a criminal contempt, has no application to the refusal to appear and obey a subpœna, but it is confined to disorderly behavior in the trial of an action; to a breach of the peace, or to resistance willfully offered in the presence of the justice to the execution of his lawful mandate, and his power to punish under that section is expressly confined to those criminal contempts defined in the section and which do not include a refusal to appear in obedience to a subpœna or to testify.

But we find in sections 855, 856, and the subsequent sections, a mode provided by which a witness, who is subpœnaed to appear before a commissioner in a case like this, may be compelled to appear and be compelled to answer questions after he does appear, by imprisonment until such time as he shall obey the subpœna served upon him, and to answer such questions as he shall be required to answer. The provisions of these sections are substantially the same as those contained in the Revised Statutes above cited (2 R. S. 400-402), and they are made to apply to a witness subpœnaed to give testimony before the person designated in the commission by the court of another State. (Code Civ. Proc. § 854.) We see, therefore, in these sections that the system provided by the Revised Statutes to compel obedience to the subpœna requiring a witness to appear before a commission is preserved, and the remedy which is prescribed in those sections being the remedy provided by the statute for the enforcement of a statutory right is the only one which can be resorted to for that purpose. It is quite true that section 854 (above cited) provides that it does not apply to a matter arising or an act to be done in an action in a court of record; but that clearly refers to a court of record in this State, because the body of the section does provide for certain things to be done in actions pending in the courts of another State.

It may also be said that, by the provisions of section 859, the authority contained in sections 855 and the subsequent sections, to compel the attendance of a witness, do not apply to cases arising under section 915, because that section (859) provides that the sections immediately foregoing shall not apply to a case where special provision is otherwise made for the attendance of a witness, and the provisions of section 920 are made to apply to cases arising under the article of which section 915 is a part. But section 920, as we have seen, does not afford any remedy to compel the attendance of a witness or to compel him to answer, but only gives a penalty upon his refusal to do so, leaving him free if he has suffered the penalty, not to testify.

Our conclusion upon the whole matter is, that for a refusal to appear before a commissioner appointed under section 915, upon a subpœna duly issued pursuant to the provisions of that section, or for a refusal to testify where the witness has appeared, his attendance or his testimony may be procured by proceedings taken under section 855 and the subsequent sections of the Code of Civil Procedure. But the remedy provided by those sections is exclusive in its nature, and no power is given to the court, acting as such, to enforce that remedy which by those sections is especially devolved upon a judge of the court and not upon the court.

For these reasons the order must be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., BARRETT, O'BRIEN and INGRAHAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.