(22 App. Div. 140.)

In re SEARLS.

(Supreme Court, Appellate Division, First Department. November 19, 1897.)

1. Depositions—Compelling Witness to Testify.
    Where a witness, subpœnaed under Code Civ. Proc. § 915, providing that a justice of the supreme court may issue a subpœna to a witness to appear before an officer designated in a commission to take depositions, issued by a court of another state, refuses to answer, the justice may commit him for contempt, under section 856, providing for such punishment where a witness is supœnaed under section 854 to appear before an officer designated in a foreign commission, and refuses to answer.

2. Same.
    Code Civ. Proc. § 920, providing that an "officer" before whom a witness is subpœnaed to appear may impose penalties upon the witness if he refuses to answer, does not apply to a notary public before whom a witness is subpœnaed to appear pursuant to a foreign commission to take depositions, as a notary public is not an officer, in view of Const. art. 10, § 2, providing that no one can hold an office within the state who is not appointed or chosen in the manner as is therein prescribed.

3. Same—Evidence—Probable Materiality.
    Where a witness has been subpœnaed to give his deposition pursuant to a foreign commission, he may be compelled to testify as to such facts as will probably be material.

Appeal from special term.

Whittlesey D. Searls was punished for contempt, for failure to answer certain questions propounded to him as a witness, and he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

David McClure, for appellant.

Clifford W. Hartridge, for respondent.

RUMSEY, J. In the month of April, 1897, there was begun in the circuit court of Cook county, of the state of Illinois, an action at law, in which the Lake Street Elevated Railroad Company was plaintiff, and the Farmers' Loan & Trust Company and several individuals were defendants, to recover damages. The action was put at issue upon the facts by the service of a plea by one of the defendants against whom damages were sought to be recovered. After it was

at issue a commission was issued out of that court, directed to a certain person named in the commission, "or any notary public," to take the testimony of several persons in the state of New York. The witnesses were subpœnaed to appear before one McGovern, who, it was made to appear, was a notary public, and therefore a person who might properly execute a commission. Whittlesey D. Searls was subpœnaed to appear as a witness before the commissioner, and, upon his examination, certain questions were put to him, which, upon the advice of counsel, he declined to answer. Thereupon an application was made to a justice of this court, pursuant to the provisions of section 856 of the Code of Civil Procedure, to compel the witness to answer the questions; and the justice, upon a hearing, held that the questions were legal and pertinent, and made an order committing the witness for contempt until he should answer the questions thus propounded to him. From that order this appeal is taken.

The order was made in reliance upon the authority of United States Pipe-Line Co., 16 App. Div. 188, 44 N. Y. Supp. 713; and, if that case was well decided, the order was clearly proper. But the learned counsel for the appellant seeks here to question the authority of that case, and asks us to reconsider it. He insists, in the first place, that in the examination of the case the court overlooked section 3001 of the Code of Civil Procedure; and he says that it is clear that, if that section had been brought to the notice of the court, the conclusion in the case must have been different. It is quite true that that section was overlooked by the court, but that fact, while it weakens the force of one of the arguments which was used to establish the conclusion reached, does not by any means require the court to reach another conclusion upon the consideration of the law. The counsel says, too, that whatever was said in the Case of the United States Pipe-Line Company upon the subject of the proper procedure in cases like this was not called for by the case as then presented to the court, and therefore it is not authority. It is very true that the case might have been decided without going into the question of the proper procedure in these cases, but yet that question was not improper to be discussed in the decision; and, while there was no logical necessity for its determination, yet the point was fairly presented as to what was the proper procedure, and the court might well take that question into consideration, and decide it, without being subjected to the criticism of having gone beyond the necessities of the particular case. But in this case the precise question is presented so that it can be considered and decided, because it lies at the foundation of this appeal. As was said in the Case of the United States Pipe-Line Company, the taking of testimony upon commission in this state, to be used in another state, was a thing unknown to common law. It is wholly a statutory proceeding, and it is controlled, not only as to the mode of taking the testimony, but as to the remedies for a refusal on the part of the witness to testify, by the provisions of the statute; and unless some remedy is provided by the statute, which can be made effectual, there is no way of compelling a witness to testify. The provision for taking testimony upon commission is found in sections 915 and 916 of the Code of Civil

Procedure. Those sections are in article 3 of title 3, which treats of depositions taken within the state for use without the state. Section 915 provides that a justice of the supreme court or a county judge must, upon certain facts being made to appear to him, issue a subpœna to the witness whose testimony is sought, commanding him to appear before the commissioner, or before the officer designated in the commission by his title of office, to testify in the action, suit, or special proceeding. The next section (916) makes provision as to the place where the witness may be required to appear. The other sections do not refer specifically to the taking of testimony before a commissioner, but will be considered later. Section 854 of the Code of Civil Procedure refers to cases where a judge, or some other person mentioned in the section, is expressly authorized by law to require the attendance of a person before him, or before a person designated in a commission issued by a court of another state or country, to give testimony, or have his deposition taken, or to be examined. It is contained in that title which refers to the mode of compelling the attendance and testimony of a witness. The subsequent sections (855 and 856) prescribe the manner in which a refusal to attend, or to testify, or to answer a legal and pertinent question, should be punished. As was shown in the Case of the United States Pipe-Line Company, supra, the provisions of these sections are substantially the same as the provisions of the sections of the Revised Statutes having for their object to compel a witness to appear before a commissioner and be examined. They prescribe a well-known and effective system, of long standing, by which such testimony can be compelled; and they undoubtedly are broad enough to apply to cases like the one at bar, and to authorize the judge to make the order which was made here. Section 854 provides that it shall not apply to a matter arising or an act to be done in a court of record; but that refers clearly to a court of record in this state, because the section, by its terms, especially applies to a commission issued by a court of another state to procure testimony in this state. It is quite clear, therefore, as was held in the Case of the United States Pipe-Line Company, supra, that there is a remedy for a refusal of a witness to answer under the provisions of sections 855 and 856 of the Code of Civil Procedure.

But it is said that the provisions of section 920 are also effective to insure, not only the attendance of a person subpœnaed pursuant to the provisions of the article in which that section is, but also to punish him for a refusal to answer a proper question. Article 3, in which section 920 appears, does not alone refer to proceedings had before a commission, but it contains provisions authorizing a justice of the supreme court or a county judge to subpœna a witness to appear before him in an action pending in the courts of another state, upon certain facts being made to appear to him (section 917); and it also contains provisions authorizing a justice of the peace, in certain cases, to subpœna a witness to appear before him to give testimony in such action (section 918). In each of these cases the person to whom authority is given to subpœna a witness to appear before himself is a judicial officer of this state, duly elected

and qualified, and having judicial powers by virtue of his office, although, of course, he would have no power in this particular way to issue a subpœna, unless it were given to him by statute. Section 920 provides that a person who fails to appear when subpœnaed, or to testify or to subscribe his deposition, is liable to the penalties which would be incurred in a like case if he was subpœnaed to attend the trial of an action in a justice's court; and for that purpose the officer before whom he is required to appear possesses all the powers of a justice of the peace upon a trial. We are of the opinion that the powers given by this section are not given to, or intended to be exercised by, any but a judicial officer. The person to whom they are given is specified as "the officer before whom the witness is required to appear." That phrase would seem to include only a person who was recognized as an officer of this state. The term "officer" involves the idea of tenure, duration, fees or emoluments, rights and powers, as well as duty; a public station or employment; an employment confirmed by an appointment of government. Church, C. J., in People v. Nostrand, 46 N. Y. 375, 381. A commissioner to take testimony has practically none of these qualifications. He is not appointed in any way known to the constitution or the laws of this state. In this particular case he was not even selected by the court of another state, whose commissioner he was; but he was one of a great number of those persons mentioned in the commission, who seems to have been selected by the plaintiff to carry it into effect. His sole duty is to hear the answers of the witness, and to take them down, and to certify that he has done so. He takes no oath of office, nor has he any rights or powers, strictly speaking. There is no way in which it is possible to conceive of his being an "officer," within any definition of that term known to the law; nor is the place which he fills, legally speaking, proper to be called an "office," which is a right to exercise a public function or employment, and to take the fees and emoluments belonging to it. Bouv. Law. Dict. tit. "Office"; Church, C. J., supra. Indeed, the provisions of section 915 seem to recognize a distinction between the commissioner to take testimony, and some other officer, upon whom that duty shall have been devolved; for it authorizes the judge to issue a subpœna to the witness, requiring him to appear before the commissioner, or before the officer designated in the commission by his title of office; thus plainly showing that the statute intends to make a distinction between the person named as commissioner, and some other person designated in a commission, who may be an officer, and upon whom it confers authority to act in his official capacity. The person referred to in section 920 as the officer before whom the witness is required to appear must clearly be only that officer mentioned in section 915, designated in the commission before whom the subpœna must require the witness to appear by his title of office. The constitution of this state provides for the manner in which the officers shall be appointed or selected (article 10, § 2), and no person can hold any office within this state until he has been chosen or appointed to it in the manner or by the authority prescribed in that section. Nothing of this kind is done in the case of a commission-

er. He is simply the agent of the court of a foreign jurisdiction, to take down testimony which is given within this state for its use; and the duty of appearing before him in pursuance of a subpœna is not attributable to any power or right of his, but it is the mandate of the state, issued by an officer of the state in pursuance of law, to carry out the comity which should exist between two civilized communities, and not with a view to give to the commissioner any power to exercise legal authority over a citizen of this state, nor does it give him any such power. The right to punish a witness for failure to appear is judicial in its nature. It belongs to the judicial power, and can be employed only by some person who has been properly selected to exercise these powers. The legislature could not confer such powers upon any other person. If the act were construed to give such authority to a notary public who should be designated to take down the testimony of a witness upon commission for use in another state, it might well be criticised as being beyond the power of the legislature. An act will never be construed in such a way as to make it unconstitutional, if it be practicable, upon a fair interpretation of its terms, to construe it so that it will be held valid. People v. Thayer, 88 Hun, 136, 34 N. Y. Supp. 592. If this section of the Code of Civil Procedure be construed so only as to give the power of punishing for contempt to these judicial officers of this state to whom power is given by this article to issue a subpœna to require a witness to appear before them, it is undoubtedly within the power of the legislature, and is a valid article. The words of the section, clearly, as we have said, refer to such officers; and it is equally clear, as we think, that they do not refer to any other persons. For these reasons, we are of the opinion, as was held in the Case of the United States Pipe-Line Company, that the provisions of section 920 do not apply to a case of a witness subpœnaed to appear before a commission designated by another state, but that the remedy for the failure of such a witness to answer must be found in sections 855 and 856.

We have examined the questions which the witness is required to answer, in view of the objections made to them by the learned counsel for the appellant upon this argument. Almost all of them seek to draw out facts which it is absolutely necessary for the plaintiff to prove, to enable him to establish his case; and, while it is possible that the facts sought for in the other questions may not become material until testimony shall have been put into the case, yet it is quite evident that every fact sought for by these questions is likely to be material during the trial of the case. We are not disposed to question the conclusion of the learned justice that each one of these questions is legal and pertinent. When testimony is to be taken in this way, the same strictness of ruling with regard to the order of proof cannot be applied as might properly be enforced upon the trial of the action. If the testimony asked for is such that it is probable that the facts will become material during the trial of the action, although it may be necessary to introduce other evidence before they shall be admitted, it is proper to permit such testimony to be given, so that, if it does become material, the

party asking for it may be in a situation to present it to the court at that stage of the trial when it shall be necessary.

The order made by the court below was correct, and must be affirmed, with $10 costs and disbursements. All concur.