Toomey, J.
INTRODUCTION
Plaintiff, Pamela J. Rososky (Rososky) brought Superior Court suit against Paul C. Galligan, Carol R. Galligan, the Blair, Cutting & Smith Insurance Agency Corp., and Travelers Insurance Company (defendants) seeking an order for discoveiy from all defendants and judgment upon a contract claim against Travelers Insurance Company. Defendants seek dismissal of the suit pursuant to Mass.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted, and pursuant to Mass.R.Civ.P. 12(b)(9), because of the pendency of a prior action in a court of the Commonwealth. For the reasons set forth below, defendants’ motion to dismiss is ALLOWED.
*251 BACKGROUND
The following facts are undisputed. On August 23, 1986, on a public way in the city of Boston, Rososky and Paul C. Galligan, Jr. (Galligan) were involved in an accident. Rososky was a pedestrian and Galligan was the operator of the motor vehicle that allegedly struck her. As a result of the accident, Rososky incurred medical bills in excess of five hundred dollars.
In August 1989, Rososky commenced district court suit seeking tort damages for bodily injury and medical bills stemming from the accident. The action, brought in Westborough District Court, named Paul C. Galligan, Jr. and Carol B. Galligan as defendants. Pursuant to G.L.c. 90, §3C, Rososky served the summons and a copy of the complaint on the Massachusetts Registrar of Motor Vehicles.
On March 21, 1994, the defendants in the district court action, Paul and Carol Galligan, filed a motion to dismiss for failure to perfect service under Dist.Ct.R.Civ.P. 4(J). The motion was allowed. Rososky appealed the district court dismissal and that appeal is presently pending in the Appellate Division of the District Court.
DISCUSSION
Dismissal pursuant to Mass.R.Civ.P. 12(b)(6) will result if the plaintiff can prove no set of facts, in support of her claims, that would entitle her to relief. Eyed v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The court must take the complaint’s allegations, as well as any beneficial inferences drawn from it, as true. Nader v. Citron, 372 Mass. 96, 96 (1977). At bar, plaintiff cannot prevail, even assuming her recitation of facts to be true, and, therefore, her complaint must be dismissed.
I. COUNT I — THE BILL FOR DISCOVERY
Rososky brings an action for a bill for discovery against all defendants. It is unclear whether such a form of action survived the enactment of the Massachusetts Rules of Civil Procedure in 1974. Assuming, without deciding, that it did so survive, Rososky’s complaint still fails to meet the requirements necessary to maintain this action.
Prior to the enactment of the rules of civil procedure, a plaintiff could maintain an action for a bill for discovery in order to aid a suit that would be immediately commenced or which already existed. Wolfe v. Massachusetts Port Authority, 366 Mass. 417, 419 (1974), quoting Post & Co. v. Toledo, Cincinnati & St. Louis R.R., 144 Mass. 341, 347 (1887). ‘The right to discovery in equity originally existed only where there was a cause of action in which the defendant named in the bill was a party, and wherein it appeared that the plaintiff had a cause of action and that discovery was necessary to enable the party seeking discovery to prosecute or defend his rights.” American Security & Trust Co. v. Brooks, 225 Mass. 500, 503 (1917) (emphasis added).
Accordingly, to maintain a bill for discovery against any of the defendants, Rososky must show that, as to the particular defendant, the discovery sought is grounded upon an existing cause of action. See Id.
A. The Bill for Discovery Asserted Against Paul and Carol Galligan
The bill for discovery asserted against Paul and Carol Galligan might arguably be grounded on either of two causes of action. If the bill is grounded upon the contract claim asserted in Count II of the instant complaint, the bill must fail as that cause of action is prohibited by the statute of limitations. See Section II infra. If the bill is grounded on the cause of action previously asserted in the District Court, the dismissal of which action is now on appeal, the bill must also fail. First, it would be inappropriate for this trial court to treat an issue that is presently pending in an appellate court. Second, it would be premature for this court to entertain a bill for discovery premised on the speculation that the Appellate Division of the District Court will reverse the dismissal and resurrect the Westborough suit. For either of those reasons, the bill for discovery against the Galligans must be dismissed. Mass.R.Civ.P. 12(b)(6) and 12(b)(9).
B. The Bill for Discovery Asserted against Blair, Cutting & Smith Insurance Agency Corp. and Travelers Insurance Company
The bills for discovery asserted against Blair, Cutting & Smith Insurance Agency Corp. (Blair) and Travelers Insurance Company (Travelers) must also fail. As to Blair, Rososky has not alleged any facts which support a claim for discovery. Even assuming some factual basis existed for pursuing discovery from Blair, Rososky still does not state a valid cause of action to support the bill for discovery from either Blair or Travelers. Both of the causes of action that might support, arguendo, bills for discovery fail for the same reasons set forth in Section A, supra.
II. COUNT II — THE CLAIM FOR PERSONAL INJURY PROTECTION RECOVERY AGAINST TRAVELERS
Rososky’s cause of action arising from the automobile accident accrued on August 23,1986. The present complaint against defendant Travelers was filed July 1, 1994, approximately eight years after the cause of action accrued. Rososky failed to file this action within either of the applicable statutes of limitations. Should we apply the three-year statute of limitations for personal injury, as dictated by G.L.c. 260, §2A, Rososky has plainly failed to file a timely action. Likewise, even if the six-year statute of limitations for contract actions applies, the period of limitation has expired. G.L.c. 260, §2. Thus, Count II must fail.[2] Mass.R.Civ.P. 12(b)(6).
*252 ORDER
For the foregoing reasons, it is hereby ordered that defendants’ motion to dismiss is ALLOWED.

Rososky argued during the hearing on the motion to dismiss that the statute of limitations against Travelers was tolled because Travelers concealed that it was the insurance company involved in the accident. Rososky, however, offered no factual basis to support this allegation. Hence, the court finds no merit in the argument.