AMERICAN SECURITY AND TRUST COMPANY & another *vs.*
JAMES I. BROOKS.

Suffolk.     November 22, 1916. — January 5, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Jurisdiction,* Bill for discovery.   *Interrogatories.   Witness.*

The statutory provisions authorizing a party to interrogate the adverse party
have not taken away the jurisdiction in equity to entertain bills for dis-
covery.

A bill in equity for discovery cannot be maintained against a person who sustains
no other relation to a suit that is pending or that the plaintiff intends to bring
than that of a witness.

The executor of and trustee under a will cannot maintain a bill in equity for dis-
covery against one who has stated to the plaintiff that he is in possession of
information as to a valuable claim against the estate of the plaintiff's testate, of
which the plaintiff is wholly ignorant, which information the defendant will not
disclose excepting on terms which are unacceptable to the plaintiff.

BILL IN EQUITY, filed in the Superior Court on April 22, 1916.

The allegations in the bill were in substance that the plain-
tiffs were the executors of and trustees under the will of Elipha-
let F. Andrews, late of Washington in the District of Columbia,
that the defendant on July 22, 1915, by a letter addressed to the
plaintiffs' testate, stated to them as follows:

"I am in possession of facts and information which lead me to
believe that I can collect for you and your account a very large
sum of money from a perfectly solvent party.

"No attempt on your part has ever been made to collect the
same, due undoubtedly to ignorance of its existence, and yet the
justness of the claim which amounts to between $30,000 and
$60,000 cannot be impeached.

"In view of my right of discovery and the fact that the money
will come to you through me and my efforts only, I deem a com-
pensation of 50% of amount collected and received a just and fair
one.

"There will be no charge or expense of any kind to you until
the money is actually collected and paid.

"If these conditions meet your views, I shall be glad to act for you in the matter."

There were further allegations that the plaintiffs were ignorant of any circumstances relating to the claim which was the subject matter of the letter, that they had corresponded with the defendant and that he had refused to disclose any information whatever regarding the claim except upon the terms stated in his letter.

The plaintiffs further alleged that they intended to prosecute the claim, if it should be found to be just and to afford a reasonable probability of success, and were willing and offered to pay to the defendant such reasonable compensation as the court might deem and decree to be just and proper for the disclosure of the following facts:

"(a) The name or names of the party or parties against whom said claim exists, together with their present place or places of residence or business.

"(b) The nature of said claim, its origin, and all facts in connection therewith.

"(c) Such evidence as he may possess or may have access to in substantiation of said claim, including the production of all documents relating thereto, and the name or names and addresses of all witnesses to the facts thereof."

The prayers of the bill were for a decree directing the defendant to disclose such facts.

The defendant demurred to the bill. The demurrer was heard by *Lawton*, J., by whose order an interlocutory decree sustaining the demurrer was entered. Later there was entered a final decree dismissing the bill with costs. The plaintiffs appealed.

The case was submitted on briefs.

*F. Peabody, E. K. Arnold & S. H. Batchelder,* for the plaintiffs.

*W. M. Noble,* for the defendant.

CROSBY, J. This is a bill in equity in which the plaintiffs seek discovery only from the defendant. There is no doubt of the jurisdiction of the court to entertain bills for discovery, although the usefulness of such bills has, to a great extent, been taken away by statutes authorizing interrogatories to the adverse party and compelling such party to testify at the trial. In *Wilson* v. *Webber,* 2 Gray, 558, at page 561, it was said by Bigelow, J.: "The main purpose of these provisions of the practice act was to sub-

stitute, in place of the tedious, expensive and complex process of a bill of discovery on the equity side of the court, an easy, cheap and simple mode of interrogating an adverse party, as incident to and part of the proceedings in the cause in which the discovery was sought."

The statutory provisions authorizing a party to interrogate the adverse party have not taken away the jurisdiction of the court to entertain bills of discovery. *Post & Co.* v. *Toledo, Cincinnati & St. Louis Railroad,* 144 Mass. 341.

A bill for discovery cannot be maintained, if it is not incidental to any relief which the court has the right to grant, *Brown* v. *Corey,* 191 Mass. 189, although it may be brought in aid of a suit which the plaintiff intends to bring as well as where the suit has already been commenced, if the bill discloses a cause of action.

The right to discovery in equity originally existed only where there was a cause of action in which the defendant named in the bill was a party, and wherein it appeared that the plaintiff had a cause of action and that discovery was necessary to enable the party seeking discovery to prosecute or defend his rights.

It is a general rule that a bill for discovery will not lie against one who is not a party to the contemplated litigation but is a stranger to it, or who is only a witness. *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad, supra.  Kelly* v. *Morrison,* 176 Mass. 531, 536. *Queen of Portugal* v. *Glyn,* 7 Cl. & Fin. 466.

The general rule that discovery will not lie against a person who has no interest in the litigation and who could be called as a witness, is subject to some exceptions. Accordingly it has been held that in suits against corporations its members and officers may be compelled to make disclosure of such facts within their knowledge as the corporation, if a natural person could have been compelled to disclose. In the case of *Queen of Portugal* v. *Glyn,* 7 Cl. & Fin. 466, which was a bill for discovery, it was said at page 488: "The cases of officers of corporations stand on principles entirely peculiar to themselves, and have obviously no application to the present case." *Wright* v. *Dame,* 1 Met. 237. *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad, supra.*

Perhaps also persons who act as agents may be required under certain circumstances to disclose facts concerning litigation in which their principals are parties.

The rule is stated in *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad, supra,* as follows: "It is clear that courts do not compel discovery from persons who sustain no other relation to the contemplated litigation, or to the subject of the suit than that of witnesses, and it is also clear that a bill for discovery cannot be used to enable the plaintiff to fish for information of any causes of action he may have against other persons than the defendants."

So far as appears in the case at bar, the defendant is a stranger to any contemplated litigation between the plaintiffs and those from whom it is stated in the defendant's letter the alleged claim is due; and even if the defendant as to such litigation would be a witness, it is plain that a bill for discovery will not lie for the reasons before stated.

The plaintiffs rely upon the case of *Orr* v. *Diaper,* 4 Ch. D. 92, where it was held by a vice-chancellor that a bill would lie against ship-owners who had shipped goods bearing counterfeits of the plaintiff's trade-marks, for discovery of the names of the consignors from whom the goods were received. The defendants in that case, by shipping the goods with the counterfeit trade-marks upon them, could well have been held to have participated in the fraud which was practiced upon the plaintiff, who might have been entitled to injunctive or other relief against the defendants. In that case it was said, "It has been submitted that the defendants are mere witnesses; but their position, they being the actual shippers, is different from that of mere witnesses." We do not think that *Orr* v. *Diaper, supra,* is to be regarded as an authority in favor of the plaintiffs in the case at bar, but is to be distinguished therefrom.

We do not agree with the contention of the plaintiffs that R. L. c. 203, § 13, implies that bills for discovery may be maintained against persons who have no interest in a pending or anticipated suit. We construe the statute as authorizing the allowance of costs to such defendants, although the plaintiff does not seek a decree against them; but it is not to be inferred that the allowance of costs under such circumstances was intended to change the rule in equity that a bill for discovery will not lie against strangers to the contemplated litigation. *Wright* v. *Dame,* 1 Met. 237.

It is to be observed that the letter sent by the defendant to the plaintiffs does not describe any specific property, either real or

personal, to which the plaintiffs are entitled. It merely recites that there is a claim against a third person which the defendant thinks he can collect. The nature of the alleged claim, whether liquidated or unliquidated, or whether it grows out of a tort or contract, does not appear. Apparently the reason why discovery is sought is because the parties cannot agree upon the compensation which the defendant is to receive for making the collection. It is obvious that the defendant will not be a party to any proceedings which may be brought to enforce the collection. Under these circumstances, we are of opinion that a bill for discovery cannot be maintained.

To relax the salutary rule so firmly established and thereby permit bills of discovery to be maintained against persons not parties to any proposed litigation, in a contest between others, would, in our opinion, give rise to abuses which it was intended the establishment of the rule would prevent.

It follows from what has been said that the demurrer was properly sustained and that the entry must be

*Decree affirmed.*