ROBERT S. WOLFE *vs.* MASSACHUSETTS PORT AUTHORITY.

Suffolk.    September 19, 1974. — November 27, 1974.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Equity Jurisdiction,* Discovery.    *Massachusetts Port Authority.*

A bill for discovery against a public instrumentality is not subject to demurrer if, in the bill, the plaintiff has properly described an ongoing or contemplated cause of action for which information is needed, and has alleged sufficient facts to demonstrate the inadequacy of statutory interrogatories and the essentiality of the bill as an aid to the plaintiff's position in a court proceeding promoting the cause of action, even though the public instrumentality may not be a party to such proceeding. [420-422]

The operator of an automobile who was driving on a bridge operated by the Massachusetts Port Authority, a public instrumentality, when struck in the face by a wheel from an unidentified tractor-trailer was entitled to maintain a suit in equity against the authority to compel production by it of truck operators' toll receipts collected on the bridge shortly before and shortly after the time of the injury to the plaintiff in order to assist him in identifying the tractor-trailer and in initiating proceedings at law for damages. [419-422]

BILL IN EQUITY filed in the Superior Court on May 21, 1973.

The suit was heard by *Ford,* J.

*George W. Stuart* for the defendant.

*David B. Kaplan* for the plaintiff.

TAURO, C.J.    The plaintiff, an attorney, brought this bill in equity in the Superior Court, seeking discovery of certain toll receipts and tickets from the Maurice J. Tobin Memorial Bridge (Tobin bridge). The defendant's demurrer was overruled and a decree pro confesso was entered when the defendant failed to answer in a timely fashion. The defendant appealed from the interlocutory decree overruling its· demurrer, from the entry of a decree pro confesso, and from the final decree granting the plaintiff's bill of discovery.

The decree taking the bill for confessed established as true all facts properly pleaded. *Boston Safe Deposit & Trust Co.* v. *Stratton,* 259 Mass. 465, 476 (1927). *Publico* v. *Building Inspector of Quincy,* 336 Mass. 152, 153 (1957). *Bright* v. *American Felt Co.* 343 Mass. 334, 336 (1961). *St. Martin* v. *Spinner,* 347 Mass. 774 (1964). We summarize briefly the pertinent facts presented in the plaintiff's bill. On May 11, 1973, at approximately 4 P.M. the plaintiff's client, one Jesse K. Brown, was driving north on the Tobin bridge, operated by the defendant, Massachusetts Port Authority. Brown had just passed through the toll booth area when a wheel from an unidentified tractor-trailer combination struck him in the face. The wheel inflicted serious injuries, including fractured bones in his face and the loss of an eye.

The plaintiff, acting for the injured man, brought this bill to compel production of toll receipts and tickets collected on the Tobin bridge in the hour between 3:30 P.M. and 4:30 P.M. on that day. The plaintiff alleged that examination of these receipts and tickets may disclose the identity of the tractor-trailer responsible for his client's injuries and may permit initiation of proceedings at law for damages.

The principal question presented by the defendant's appeal is whether, as matter of law, these facts set forth a cause of action for discovery against a public authority

which is not a party to any suit pending or contemplated by the plaintiff.

The instant bill is for discovery alone. No other relief is sought. Such a bill comes within the historic ancillary jurisdiction of the equity court.[1] *Cavanaugh* v. *McDonnell & Co. Inc.* 357 Mass. 452, 454 (1970). See *MacPherson* v. *Boston Edison Co.* 336 Mass. 94, 100 (1957). "It is settled that a bill of discovery may be maintained, to aid the plaintiff in a suit which he intends immediately to bring, as well as in a suit already brought, if the bill discloses a cause of action." *Post & Co.* v. *Toledo, Cincinnati, & St. Louis R.R.* 144 Mass. 341, 347 (1887). Statutory procedures for propounding interrogatories have not supplanted this equitable action. *Owens-Illinois Glass Co.* v. *Bresnahan,* 322 Mass. 629, 633 (1948). *Cavanaugh* v. *McDonnell & Co. Inc.* 357 Mass. 452, 454 (1970). When the bill seeks discovery alone, discovery is available "in circumstances (a) where the statutory procedure was inadequate to obtain the necessary information and (b) where the information sought could have been obtained under a pre-1851 bill for discovery." *MacPherson* v. *Boston Edison Co.* 336 Mass. 94, 100 (1957). Thus, rather than supplanting the bill of discovery, statutory remedies are supplemented by it.

Massachusetts courts have not favored the use of the bill of discovery when, as in the instant case, the bill is filed against one who is not a prospective party, but is a stranger to potential litigation or only a potential witness. *American Security & Trust Co.* v. *Brooks,* 225 Mass. 500, 502 (1917). However, there are significant exceptions to this disfavor. Discovery has been ordered against corporate officers, though the corporation itself and its shareholders were the only possible parties to the anticipated suit. *Post & Co.* v. *Toledo, Cincinnati, & St. Louis R.R., supra.* It has been

---

[1] Under the new Massachusetts Rules of Civil Procedure, effective July 1, 1974, equitable and legal causes of action are joined in a single unitary action. Mass. R. Civ. P. 2, 365 Mass. 733. The rules do not eliminate the "independent action against a person not a party for production of documents and things and permission to enter upon land." Rule 34 (c), 365 Mass. 793. The new rules are not applicable to this case.

suggested that agents may be required "to disclose facts concerning litigation in which their principals are parties." *American Security & Trust Co.* v. *Brooks, supra.*

We believe that the defendant comes within another exception which permits bills of discovery against nonparties. In a proper equitable suit, a public instrumentality, though not a party to anticipated litigation, may be compelled to make information available to a private plaintiff. The Massachusetts Port Authority was created to perform "essential governmental functions" for the "welfare of the commonwealth." St. 1956, c. 465, §§ 2, 17, 27. It was created to own and manage State properties in a businesslike manner (see *Boston* v. *Massachusetts Port Authy.* 364 Mass. 639, 654 [1974]), and maintains at all times a close connection to State operations. Cf. *Massachusetts Port Authy.* v. *Treasurer & Recr. Gen.* 352 Mass. 755 (1967). The Massachusetts Port Authority benefits from exemption from local property taxes (St. 1956, c. 465, § 17), and from its power to take property through eminent domain. St. 1956, c. 465, § 3 (k). See *Loschi* v. *Massachusetts Port Authy.* 354 Mass. 53 (1968), cert. den. 393 U. S. 854 (1968). *Massachusetts Port Authy.* v. *R. S. R. Realty Co. Inc.* 358 Mass. 545 (1971). Its entire character is public, not private.

The public character of the Authority, in our view, is crucial to the analysis of this case. The prior cases which denied use of the equitable bill of discovery against those who were not parties to litigation involved bills against private parties. E.g., *American Security & Trust Co.* v. *Brooks,* 225 Mass. 500 (1917). The courts in those cases zealously guarded the privacy of nonparties from intrusions. Such intrusions were the "abuses" against which the "salutary rule" of the *Brooks* case sought to protect strangers to litigation and potential witnesses. *American Security & Trust Co.* v. *Brooks, supra,* at 504.[2] A public

---

[2] In stating the rule of the *Brooks* case, we do not foreclose completely future consideration of equitable actions for discovery brought against nonpublic entities which are strangers to litigation or potential witnesses.

instrumentality, subserving public ends and the public welfare, does not have the same interest in privacy that the individual possesses. On occasion the public instrumentality may require confidentiality in its correspondence or operations, but generally its documents should be available to the public on a showing of need in an equity court.[3] Cf. *Lefebvre* v. *Somersworth Shoe Co.* 93 N. H. 354 (1945). We hold that a bill of discovery against a public instrumentality is not subject to demurrer if, in his bill, the plaintiff (1) has properly described an ongoing or contemplated cause of action for which information is

---

[3] Certain "public records" are open to the public as a matter of right. G. L. c. 66, § 10. A writ of mandamus will issue to enforce this right of access in an appropriate case. *Hurley* v. *Board of Pub. Welfare of Lynn,* 310 Mass. 285 (1941). *Lord* v. *Registrar of Motor Vehicles,* 347 Mass. 608 (1964). See G. L. c. 66, § 10, as appearing in St. 1973, c. 1050, § 3, effective July 1, 1974.

General Laws c. 4, § 7, Twenty-sixth, defines "public records" for the statutory context. *Sanford* v. *Boston Herald-Traveler Corp.* 318 Mass. 156, 157 (1945). Generally, for the analysis of the instant case, "public records" are those writings which are the property of a public entity and which are required to be filed by law or which are required by law to have certain entries. G. L. c. 4, § 7, Twenty-sixth, as amended by St. 1969, c. 831, § 2. In addition, the statute establishing the Massachusetts Port Authority, St. 1956, c. 465, specifies that audits of the Authority shall be public records. St. 1956, c. 465, § 21.

The definition contained in G. L. c. 4, § 7, Twenty-sixth, was broadened by a 1973 amendment. St. 1973, c. 1050, § 1. Under the amendment, public records include all "documentary materials or data, regardless of physical form or characteristics . . . received by any . . . authority of the commonwealth" unless the documents fall within certain stated exemptions. Conceivably, although we do not decide this point, the toll receipts and tickets would fit within this expanded definition. However, the expanded definition cannot figure in the analysis of the instant case. Under our prior decisions, a legislative enactment such as the amendment, whether it is deemed procedural or substantive, cannot be applied retroactively to stages of litigation which had been completed prior to the enactment's effective date. *City Council of Waltham* v. *Vinciullo,* 364 Mass. 624, 628 (1974). In the instant case, all stages of the litigation, other than the prosecution of this appeal, had been completed long before the amendment's effective date, July 1, 1974. The trial judge entered a final decree on September 17, 1973. At no time could the trial judge have considered the amendment's expanded definition. Manifestly, it cannot control our analysis of the law which supports the final decree.

Under the pre-amendment definitions, the plaintiff has no absolute statutory right to inspect the toll receipts and tickets. They are not "public records." No law requires that they be filed with the Massachusetts Port Authority. No law requires that they bear certain entries for the Authority's records. Though the toll receipts and tickets would contribute to the accuracy of a required audit, they are not public records under the Massachusetts Port Authority enabling legislation in the same fashion as the audit. See *Dunn* v. *Assessors of Sterling,* 361 Mass. 692, 694 (1972); *Town Crier, Inc.* v. *Chief of Police of Weston,* 361 Mass. 682 (1972).

Thus, the statutory grant of access to public records would not have availed the plaintiff *in this suit.* He quite properly sought relief in this equitable proceeding. See *Town Crier, Inc.* v. *Chief of Police of Weston, supra,* at 690-691.

needed and (2) has alleged sufficient facts to demonstrate the inadequacy of statutory interrogatories and the essentiality of the bill of discovery as an aid to the plaintiff's position in the court proceeding in the cause of action.

At a hearing on the merits of the bill, the public instrumentality may object to discovery of confidential or excessively numerous documents. The trial judge, in his discretion, may then dismiss the bill or order discovery in whole or in part. The judge should be particularly sensitive to assure that the bill addresses a "limited purpose" for which it provides a "practical and reasonable" discovery procedure and that the relief granted is within these parameters. See *MacPherson* v. *Boston Edison* Co. 336 Mass. 94, 105 (1957).

In the instant case, the plaintiff's bill of discovery alleges facts adequate to describe a potential cause of action. Brown has suffered severe injuries in a collision with a wheel from a tractor-trailer. On the face of the bill, he seems to be an innocent victim with grounds to initiate suit against the owner of the tractor-trailer.

The bill also alleges sufficient facts to justify recourse to the bill of discovery. Though he apparently can prove most facts basic to his cause of action, Brown cannot bring his action at law to recover damages for his injuries until he identifies the defendant to the action. Statutory interrogatories manifestly will not assist him in the absence of an action at law. He must succeed in this equitable action if he is to have any hope of remedy.

Thus, the plaintiff, in his bill, cleared the two obstacles which a demurrer could raise to this bill of discovery. He alleged a prospective cause of action and a specific need for discovery through equitable procedures. It was open to the Authority to contest the bill on the merits. This the Authority failed to do. The judge entered a decree pro confesso which ordered the Authority to tender truck operators' toll receipts collected between 3:30 P.M. and 4:30 P.M. on May 11, 1973, to the plaintiff.

On the Authority's appeal from this final decree, we must ascertain only that the facts established by the decree pro

confesso authorized entry of this particular decree for the plaintiff. *Boston Safe Deposit & Trust Co.* v. *Stratton,* 259 Mass. 465, 476 (1927). *Bright* v. *American Felt Co.* 343 Mass. 334, 336 (1961). We conclude that the decree was properly entered. On the record before us there seems no likelihood that this decree of discovery would burden the Authority's operations (see *Direct-Mail Serv. Inc.* v. *Registrar of Motor Vehicles,* 296 Mass. 353, 357 [1937]) or prove unreasonably difficult in compliance. In fact, even in this appeal, the Authority does not seek to raise hardship as a ground of reversal. The Authority stands on the single ground that legally it has discretion to restrict access to these documents. This we cannot accept.

Brown is entitled to discovery. The demurrer was properly overruled. The interlocutory and final decrees are to be modified by substituting Jessie K. Brown, the true party in interest, for Robert S. Wolfe as the plaintiff. As so modified they are affirmed. The plaintiff is to have costs.

*So ordered.*