GERALD DWYER *vs.* GLOBE NEWSPAPER COMPANY. May 29, 1975. The plaintiff commenced an action in the Superior Court seeking to recover damages for an allegedly defamatory statement concerning the plaintiff which was published in the defendant newspaper. The newspaper article dealt with illegal gambling operations in Boston. After hearing, a Superior Court judge sustained the defendant's demurrer to the plaintiff's declaration, and the plaintiff appealed. No amendment of the declaration was allowed, or even sought. After the case was entered in the Appeals Court, the Justices of that court reported the case to this court, without decision, because of the unsettled issues of law to be resolved in the case. The briefs of the parties show that they apparently concur in the belief that the Superior Court judge sustained the demurrer because the declaration failed to show substantive facts to prove that the defendant published the alleged falsehood in wilful or reckless disregard of the truth. After the appeal in this case was entered, the United States Supreme Court handed down its decision in the case of *Gertz* v. *Robert Welch, Inc.* 418 U. S. 323 (1974). We have discussed that opinion at length in our opinion in the case of *Stone* v. *Essex County Newspapers, Inc. ante,* 849 (1975). Thereafter the parties in the instant case filed supplementary briefs addressed to the holdings of the *Gertz* case. In view of the developments in the applicable law, as shown in the

*Gertz* and *Stone* decisions which were rendered after this declaration was considered on demurrer in the Superior Court, we think justice will be best served if the case is now remanded to the Superior Court with instructions that if, within sixty days after the date of this rescript, an appropriate motion together with an amended or substituted complaint is proffered by the plaintiff, that motion and the resulting amendment of the declaration may be allowed by a Superior Court judge in his discretion. Accordingly, we remand the case to the Superior Court with those instructions.

*So ordered.*

*Edward L. Kirby* for the plaintiff.
*Thomas H. Walsh, Jr.,* for the defendant.