Toomey, J.
BACKGROUND
The defendants have been charged with trafficking in cocaine in the amount of 200 grams or more. In anticipation of issues likely to arise in connection with pre-trial proceedings, the defendants moved for the discovery of certain police logs recording motor -vehicle stops by State Troopers Michael J. Sullivan, Sean Baxter, and Kevin Hope between December 1, 1993 and December 10, 1994. On May 25, 1995, this court (Josephson, J.) ordered the Commonwealth of Massachusetts (“Commonwealth”) to make the police logs, for the period from September 1, 1994, through December 10, 1994, available for the defendants’ inspection.[1]
The Commonwealth moved to extend the discovery compliance period by two weeks in order to redact information allegedly insulated from disclosure by G.L.c. 6, §172 (more commonly known as “CORI”). The motion was allowed by Josephson, J., and the Commonwealth timely delivered the redacted records to the defendants. The matter is now before this court because defense counsel orally moved that the un-redacted records be produced for inspection.
For the reasons set forth below, the defendants’ request to inspect the unredacted records is ALLOWED.
DISCUSSION
A. DAILY POLICE LOGS AS PUBLIC RECORDS
The Commonwealth argues that daily police logs are not public records. In support of this argument, the Commonwealth relies upon the pre-1974 statutory definition of “public records” found in G.L.c. 4, §7. That statute included the language ”... [any record] in or on which any entry has been made or is required to be made by law . . .” (emphasis added). The Supreme Judicial Court construed the quoted language to necessitate, as a precondition to documents’ falling within the rubric of “public records,” a legal mandate or “legal requirement” that the documents be kept. See Town Crier, Inc. v. Chief of Police of Weston, 361 Mass. 682, 685-89 (1972) (emphasizing above-quoted language and adopting “legal requirement” test); Dunn v. Board of Assessors of Sterling, 361 Mass. 692, 693 (1972) (stating public records exist “only if the entries contained therein were made pursuant to a requirement of law”).
General Laws c. 4, §7 (as amended by St. 1973, c. 1050, §1) has, however, re-defined “public records” in a far more expansive manner.[2] In conformity with that legislative broadening of the definition, the Supreme Judicial Court has abandoned the “legal requirement” test that prevailed in pre-1973 decisions. See Hastings & Sons Publishing Co. v. City Treasurer of Lynn, 374 Mass. 812, 815-816 (1978) (eliminating “legal requirement” test); Wolfe v. Massachusetts Port Authority, 366 Mass. 417, 421 n.3 (1974) (stating amended public-records definition is more expansive). The post-1973 statutory definition has persuaded courts to take a more liberal approach to defining “public records.” See, e.g., Hull Municipal Lighting Plant v. Massachusetts Municipal Wholesale Electric Co., 414 Mass. 609, 614 (1993) (defining “public records” in broad manner). This court will be guided by that sentiment and conclude that daily police logs constitute “public records” as that term is employed in G.L.c. 4, §7.[3]
B. DAILY POLICE LOGS AND CORI
The Commonwealth contends that police logs are CORI information and, as such, are exempted from the “public records” definition. The Commonwealth relies upon G.L.c. 4, §7, Twenty-sixth, section (a), which exempts materials “specifically or by necessary implication exempted from disclosure by statute” from the definition of “public records.” This court concludes, however, that public records such as police logs are not CORI material and are not insulated from disclosure by the exclusion found in section (a).
The eighth paragraph of CORI recites, in pertinent part: “Notwithstanding the provisions of this section or chapter sixty-six A, the following shall be public records: (1) police logs, arrest registers, or other similar records compiled chronologically, provided that no alphabetical arrestee, suspect, or similar index is available to the public, directly or indirectly . . .” (emphasis added). CORI’s plain meaning is that police logs are public records, are non-CORI material, and fall *540 outside CORI’s scope of protection. That exclusion is confirmed by 803 Code Mass. Regs. §2.04(7) as amended July 1, 1993 and entitled, “CORI Inclusions and Exclusions.” The section provides: “Public Records. CORI shall not include public records as defined in M.G.L.c. 4, §6 [sic] including police daily logs under M.G.L.c. 41, §98F.”
The legislative history of CORI also supports the view that public records are excluded from its coverage. The original CORI Act (St. 1972, c. 805, §2) did not contain the current paragraph eight of G.L.c. 6, §172. That paragraph was added by St. 1977, c. 691, §4, but omitted the language, quoted supra, concerning police logs as public records. Finally, in enacting St. 1977, c. 841, the Legislature purposefully inserted the present language and provided that the purpose of CORI was “to balance potential conflicts between the demands of individual rights of privacy and the need to make certain information available to the public, [and] therefore it is hereby declared to be an emergency law, necessary for the immediate preservation of the public convenience [that the public records exception be added].” The stated purpose of the Act and its legislative history demonstrate that public records, such as police logs, are exceptions to CORI, constitute non-CORI materials, and are not required, by CORI, to be redacted.[4]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to inspect the unredacted records, as mandated by and consistent with the disclosure limitations of this court’s previous order, is ALLOWED, and it is further ORDERED that the Commonwealth produce such records forthwith.

This court (Josephson, J.) ordered defendants’ counsel “not to disseminate the information to anyone, including the defendant, without seeking and obtaining permission of the Court” (emphasis in original).

G.L.c. 4, §7 (as amended) states, in pertinent part, “’Public records’ shall mean all [records] ... or other documentary materials ... made or receivedby any [public agency or authority) . . . unless such materials or data fall within the following exemptions . . .” (emphasis added).

The Commonwealth’s reliance on the “legal requirement” test in the context of police records is further misplaced as Town Crier, Inc. also stated “All police records, however, whether or not they are public records, are subject to being summoned before a proper tribunal in accordance with established rules of law." Town Crier, Inc. v. Chief of Police of Weston, supra at 691.
The Commonwealth also fails to recognize that the plain language of CORI provides that “. . . the following shall be public records: (1) police logs, arrest registers, or other similar records ...” (emphasis added). Even if this court were to rule that the daily police logs were not expressly within the statutory definition of “public records” as set forth in G.L.c. 4, §7, the clear legislative mandate of CORI would compel the inference that police logs, as at bar, are public records. See G.L.c. 4, §7 (“In construing statutes the following words shall have the meaning herein given, unless a contrary intention clearly appears . . .” (emphasis added)).

The Commonwealth also argues that, because the “arrest journal” is available for counsels’ inspection, the police logs are thus metamorphosed into CORI material immune from discovery. The Commonwealth reads the last sentence of CORI as providing that “police daily logs, arrest registers, or other similar records [are public records unless an] . . . alphabetical arrestee, suspect, or similar index [is available to the publicl . . .” The Commonwealth’s contention is that the “arrest journal” is such an index and the defendant is thus barred from obtaining the daily police logs. The Commonwealth’s logic, however, is flawed.
First, this court recognizes a substantial difference, for discovery purposes, between an arrest journal, which reveals only arrests, and daily police logs which include a much broader range of items, such as motor vehicle stops which did not result in arrest. Second, the Commonwealth’s reading of CORI’s last sentence interprets the statutory language “provided that” as meaning “unless,” but those words are more properly interpreted as “on the condition that” or “with the understanding that.” Webster’s New International Dictionary 1827 (3ded. 1981). As correctly read, the defendant is to have access “to police daily logs, arrest registers, or other similar records compiled chronologically, . . . [on the condition that] no alphabetical... [or similar index is made available].” Such an interpretation by this court will permit access to important public documents, but will not allow access to any indices compiled in connection with such records. The Legislature’s carefully crafted balance between public accountability and individual privacy may thus be preserved.