[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The plaintiff seeks to test the air in space leased by a private party, LM Bridgeport, LLC, to the State. The proceeding here is in the nature of a pure bill of discovery, preliminary to a possible action against LM. LM failed to appear for the hearing. The State moved to dismiss the application. The principal ground of the motion is sovereign immunity.
"The state is subject to suit without consent . . . in a suit for injunctive relief when the action does not defeat the purpose of the doctrine of sovereign immunity by undue interference with governmental functions." (Citations omitted; internal quotation marks omitted.) PameLaB. v. Ment, 244 Conn. 296, 328, 709 A.2d 1089 (1998). "We have excepted declaratory and injunctive relief from the sovereign immunity doctrine on the ground that a court may fashion these remedies in such a manner as to minimize disruption of government and to afford an opportunity for voluntary compliance with the judgment. . . . Furthermore, trial courts can avoid undue interference with governmental functions by tailoring injunctive relief and scrupulously weighing the equities." (Citations omitted; internal quotation marks omitted.) Id., 330. The question is one of degree. Here, the court is convinced that any interference with the State's operations would be negligible or, indeed, nil. The relief requested does not even rise to the level of declaratory or injunctive relief. Herzig v. Horrigan, 34 Conn. App. 816, 644 A.2d 360 (1994), on which the Sate relies, therefore is distinguishable. See also, Clancy v.Bristol, Superior Court, Judicial District of Hartford-New Britain, No. CV 940545162S (May 8, 1995) (14 Conn.L.Rptr. 247)
"In a proper equitable suit, a public instrumentality, though not party to anticipated litigation, may be compelled to make information available to a private plaintiff." Wolfe v. Massachusetts Port Authority,366 Mass. 417, 319 N.E.2d 423, 425 (1974). In Wolfe, an attorney brought a bill in equity against the Massachusetts Port Authority seeking toll receipts and tickets collected during a one hour period on a bridge in an CT Page 14162 effort to identify the identity of a tractor-trailer that had struck and injured his client. Id., 424. The Authority's "entire character is public, not private," said the court. Id., 425. The court held that the injured party was entitled to discovery from the Authority even though it was not expected to be a party to the anticipated litigation.
The State and its officials cannot interpose a blanket refusal to provide information to a prospective litigant to a suit against a private party anymore than it can refuse to comply with a subpoena or to submit to a pretrial deposition. See, e.g., U.S. v. Meyer, 113 F.2d 387, 397 (7th Cir. 1940), cert. denied, 311 U.S. 706, 61 S.Ct. 174, 85 L.Ed.2d 459
(1940); Leyh v. Modicon, Inc., 881 F. Sup. 420, 422-24 (S.D.Ind. 1995); see also Lefebvre v. Somersworth Shoe Co., 93 N.H. 354, 41 A.2d 924,926-27 (1945). "It is the duty of every witness . . . to respond to a subpoena and, unless privileged, to testify to factual matters relevant to a controversy. If the rule was otherwise, the trial of causes in the courts would be seriously impeded." Thomaston v. Ives, 156 Conn. 166,172, 239 A.2d 515 (1968). Exceptions "to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth." United States v. Nixon,418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1994)
Because the plaintiff's pure bill of discovery no longer contains a claim for damages and the equitable relief sought will visit little if any inconvenience on the state, the plaintiff's application is not defeated by the doctrine of sovereign immunity.
The court finds the State's claims of failure to exhaust a remedy under a collective bargaining agreement and lack of standing unpersuasive.
Treating the plaintiff's application as a pure bill of discovery, the motion to dismiss is denied. The plaintiff and the State shall confer on the method by which the testing the plaintiff seeks may be accomplished as unobtrusively and with as little interference with the operation of the Department of Social and Human Services in the building as is possible. If the parties are unable to reach an agreement they shall promptly advise the clerk and the court will expedite the entry of further orders. The court withholds the entry of judgment until that time. A memorandum of decision will issue at a later date.
BY THE COURT
___________________ Bruce L. Levin Judge of the Superior Court CT Page 14163