Curran, Dennis J., J.
The plaintiffs are parents of four children, ages 2 through to 5, who were raped or sexually molested by a state-paid teacher while in the charge of The Children’s Center, a child day-care program at Bridgewater State University.
The defendant Commonwealth of Massachusetts has moved to dismiss the plaintiff parents’ complaint. For the following reasons, this motion must be DENIED.
FACTUAL DISCUSSION
This lawsuit was brought in equity, seeking information as to an alleged cover-up of the heinous crimes claimed to have been perpetrated on little children. There have been two public records requests to determine the nature and extent of the cover-up. The state has stonewalled those parents’ effort.
Here, a complaint for discovery seeks direct evidence of the defendant Commonwealth’s violation of Title IX of the Education Amendment of 1972. Such a lawsuit may be maintained “to aid the plaintiff in a suit which he intends immediately to bring ... if the [complaint] discloses a cause of action.” Wolfe v. Massachusetts Port Authority, 366 Mass. 417, 425 (1974).
In their lawsuit, the plaintiff parents have detailed various past efforts to obtain information to support their allegations and the inadequacy of traditional discovery methods to obtain critical evidence of actual notice by state-employed supervisors of an alleged child molester’s predatory actions, their cover-up, and their failure to report the sex crimes to lawful authorities.
The Commonwealth has moved to dismiss the parents’ complaint because it claims that they have failed to state a claim upon which relief may be granted. But a complaint for discovery has, for over forty years, been recognized as a legally viable method to obtain discovery and falls “within the historic ancillary jurisdiction of the equity court.” Wolfe v. Massa *225 chusetts Port Authority, 366 Mass. 417, 419 (1974). It is a perfectly appropriate legal means where the plaintiffs plan a cause of action for which information is needed and have alleged facts that justify recourse to a bill of discovery. Wolfe at 422. The children, ages two through 5, cannot speak for themselves; and their parents cannot find out the details regarding their own children’s rape and molestation because the state has decided to protect its own employees. The parents of these little children have been thwarted in their effort to substantiate a Title IX action.
Two of the individuals involved are criminal defendants: one of them is a teacher charged with two counts of rape with force, and indecent assault and battery upon a child; a second, his supervisor, has been arrested and charged with reckless endangerment of children, witness intimidation, the failure to file a section 51A child abuse report, as well as misleading legal authorities. If those criminal defendants were questioned in this pending civil case, they would—properly and without any doubt—invoke their constitutional privilege against self-incrimination under the Fifth Amendment. The parents’ attempt to depose them would be fruitless; the children cannot speak for themselves; and only certain university officials know the depth of criminality that happened and the cover-up that allowed this alleged depravity to occur and fester. That knowledge is uniquely within the state’s power to provide.
But they do not wish to disclose it.
Instead, they argue what amounts to the legal technicality that the plaintiffs’ complaint for discovery does not offer the parents a means of obtaining relief, that the parents have failed to demonstrate the public records statute affords them redress, and that they have not abided by it. But the Commonwealth is dead wrong.
The record discloses that there have been two public records requests directed at appropriate university officials to find out what happened, i.e., who knew what and when. These are simple requests, and yet the Commonwealth, knowing full well that those two requests to date have been fruitless and an utter waste of time, engages in gamesmanship in continuing to deny these parents the relief to which they are entitled. These families have now been traumatized twice: once by the rape and molestation of their little children, and second, by certain government representatives who appear more concerned with protecting their own employees and preventing the truth from emerging into the light of day. In doing so, the Commonwealth, in essence, has rolled up the legal drawbridge. This is simply wrong, both as a matter of policy and law.
ANALYSIS
A complaint for discovery “may be maintained [ ]to aid the plaintiff in a suit which he intends immediately to bring ... if the [complaint] discloses a cause of action.” Wolfe at 425. Indeed, the Supreme Judicial Court specifically permitted interrogatories to be employed in such an equitable proceeding. Id.
The Commonwealth argues that such an equitable action is “questionable,” given the enactment of the Massachusetts Rules of Procedure in 1974, yet ignores that the Wolfe decision was rendered after the adoption of those Rules. Indeed, the Rules Reporter’s Notes to Rule 2 support that interpretation.
Further support for the plaintiffs’ position may be found in the distinguished, well-respected federal rules commentators in Federal Procedure, volume 8, section 2005. See also Walker v. Daley Hotel Management Corporation, 4 Mass. L. Rptr. 57 (1994).
Moreover, the plaintiffs have unmistakably set forth facts to describe their potential cause of action. They allege that Bridgewater State University is a public institution of higher education; that it receives public funds; that children who were entrusted to its care were sexually abused by one of its employees; and that supervisory personnel, as mandated section 51A reporters, were aware of these sex crimes and yet did nothing to report them to the state Department of Children and Families; that those supervisors discussed their observations with certain higher university officials who then allegedly set out on a deliberate campaign to dissuade teachers and other supervisors from reporting these crimes, as legally required.
The parents have an outline of what happened. But the specifics have eluded them, stymied by the Commonwealth’s legal position. The present complaint would aid them in discovering the truth.
It is further instructive that the Supreme Judicial Court has authorized such a complaint to be employed against a “public” as opposed to a “private” party. Wolfe at 420-21. The Courts should zealously guard the interests of a private party from such an intrusion, but “a public instrumentality, serving public needs and the public welfare, does not have the same interest in privacy that the individual possesses.” Wolfe at 421-22. It is difficult to discern what compelling interests the state university has to protect here.
Finally, the state employs the tired, decades-old, scarecrow tactic of claiming that if this Court allows the relief requested here, it would “open the floodgates” to further such litigation. But this case is unique; it is exceptional; the relief sought is limited; and this Court intends its decision to apply to only to the narrow circumstances presented here. However, if the relief granted in this case means that other little children, raped by their state-employed caregivers, to whom parents have entrusted their loves of their life, will find out the hideous details of an alleged cover-up of their children’s rape, then let justice prevail.
This case is unique; it is exceptional; the relief sought is limited; and this Court intends its decision *226 to apply only to the narrow circumstances presented here.
Who speaks for the children in this case. Not the Attorney General’s office, charged with protecting the public safety, not a few university administrators who seem to have forgotten the original purpose of an educational institution: to seek the Truth. Instead, we see only petty bureaucrats scurrying to protect themselves.
What has become of us, as a people.
Where have we gone so terribly wrong.
How have we allowed such cruelty, indifference and pettiness to rule us.
This case is about little children—at least one of whom was allegedly raped with violence by a state-employed caregiver.
The parents’ request for relief must be granted; their complaint may be maintained; and discovery shall shed light on what has happened here. Sunshine is a powerful disinfectant.
ORDER
For these reasons, the Commonwealth’s motion to dismiss the plaintiff parents’ complaint is hereby DENIED.