NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

19-P-125                                            Appeals Court

KENNETH F. ATCHUE, personal representative,[1] vs.  BENCHMARK
SENIOR LIVING LLC, & another.[2]

No. 19-P-125.

Worcester.     November 5, 2019. - October 5, 2020.

Present:  Rubin, Wolohojian, & Henry, JJ.


Assisted Living Residence.  Practice, Civil, Discovery,
     Amendment of complaint, Moot case, Motion to dismiss,
     Statute of limitations, Survival of action.  Evidence,
     Production on demand.  Due Process of Law, Statute of
     limitations.  Limitations, Statute of.  Survival of Action.



     Civil action commenced in the Superior Court Department on
June 1, 2018.

     A motion to dismiss was heard by Francis E. Flannery, J.

_____

     [1] Of the estate of Mary T. Atchue.  After this case was
fully briefed and shortly after argument, Atchue died.  The
defendants filed a motion to dismiss the appeal based on the
plaintiff's death.  Subsequently, we allowed the motion to
substitute the personal representative of the plaintiff's
estate.  See Mass. R. A. P. 30 (a), as appearing in 481 Mass.
1661 (2019).  We refer to the original plaintiff, Mary T.
Atchue, throughout this opinion.

     [2] B-X Worcester, LLC, doing business as Tatnuck Park at
Worcester.

Thomas B. Farrey, III, for the plaintiff.
Joseph M. Desmond for the defendants.

HENRY, J.  Mary T. Atchue brought a complaint for discovery -- a seldom used equitable remedy -- to ascertain how she sustained a broken foot and contusions, possibly while being transferred by aides at an assisted living facility owned and operated by the defendants.  She appeals from a judgment dismissing her complaint without explanation.  The defendants contend that the matter is now moot, either because the statute of limitations on Atchue's potential negligence claim has expired and a complaint for negligence would be time barred or because Atchue has died.  We conclude that the matter is not moot.  Accepting as true, as we must, Atchue's allegation in her complaint that she believed that she had a claim for negligence but required the requested documents to assess the viability of that claim, we conclude that it was error to dismiss her complaint in these narrow circumstances:  she demonstrated an actual injury while in the care of others, she seeks to discover records of her own care, and she asserts that she needs such

records to assess the viability of her potential claim.[3] Accordingly, we vacate the judgment of dismissal.

Factual background. We accept the factual allegations of the complaint as true, as well as any reasonable favorable inferences drawn from them. See Security Coop. Bank v. McMahon, 294 Mass. 399, 403-404 (1936) (taking allegations in bill in equity as true). See also Zizza v. Zizza, 456 Mass. 401, 402 n.3 (2010); Chang v. Winklevoss, 95 Mass. App. Ct. 202, 204 (2019).

On December 19, 2015, while in her unit of an assisted living facility known as Tatnuck Park at Worcester, Atchue fell while being transferred by aides and was injured, sustaining a broken foot and contusions. Her family repeatedly requested that the defendants provide copies of all reports concerning the accident. An employee of the defendants has acknowledged the existence of records concerning the accident. The defendants agree that they have not produced these reports.

Prior to filing her complaint for discovery, Atchue's counsel sent the defendants a G. L. c. 93A demand letter, which is attached to the complaint, alleging that she fell while "aides were transferring [her] without using a gait belt, in

---

[3] To the extent a person is forced to litigate to get such records, they should not be compelled to assert a cause of action seeking damages, too.

contravention of [the defendants'] own care plan." This was not the end of the exchange between the parties, however. The defendants responded by disputing any liability and particularly disputing (1) that Atchue fell (defendants say her legs gave out and aides assisted her to the ground), (2) that Atchue's care plan required aides to use a gait belt when transferring her, and (3) that Atchue broke her foot during this incident when aides assisted her to the ground.

The records are in the exclusive possession of the defendants, and Atchue is the subject of the records. She alleged that she "believes that she has a viable claim for negligence against [the defendants] and/or their agents, servants or employees," but that she "requires the information contained in the incident report and other requested documents in order to assess the viability of her claim." Atchue was elderly at the time of the incident, and it is unclear whether she may have had cognitive impairments that prevented her from understanding or conveying to others what, exactly, happened. Based on the fact that this was an assisted living facility, as well as statements that family members were acting on her behalf by requesting the records and handling her billing, it also is reasonable to infer that Atchue may not have been able to identify the specific aides or negligent acts that caused her injuries.

Atchue's complaint for discovery seeking the production of documents was docketed on June 1, 2018, and it was dismissed on November 8, 2018.  Atchue filed her notice of appeal on December 3, 2018.

Discussion.  1.  Bills for discovery.  Historically, a bill for discovery came within the "ancillary jurisdiction of the equity court" and could be maintained "to aid the plaintiff in a suit which he intend[ed] immediately to bring, as well as in a suit already brought, if the bill disclose[d] a cause of action" (citation omitted).  Wolfe v. Massachusetts Port Auth., 366 Mass. 417, 419 (1974).  The bill for discovery could be brought to help a party determine the correct party to sue, see, e.g., id. at 422; to obtain evidence in support of an action already brought, see, e.g., MacPherson v. Boston Edison Co., 336 Mass. 94, 103 (1957); or to obtain evidence in support of an action not yet brought, see, e.g., Backlund v. General Motors Corp., 352 Mass. 776, 776 (1967).[4]  Since the enactment of simpler, statutory procedures for obtaining discovery, "[t]here are few instances in which [bills for discovery] continue[] to have any practical significance."  MacPherson, supra at 100.  However,

_____

[4] The practice of using a bill for discovery to obtain evidence in support of an action not yet brought has been established in other States.  See, e.g., Berger v. Cuomo, 230 Conn. 1, 5-11 (1994); Shorey v. Lincoln Pulp & Paper Co., 511 A.2d 1076, 1077-1078 (Me. 1986).

the Supreme Judicial Court has made clear that statutory remedies have not supplanted the bill for discovery and that the bill instead supplements those remedies. See, e.g., Wolfe, supra at 419 n.1 ("[t]he rules [of civil procedure] do not eliminate the 'independent action against a person not a party for production of documents and things and permission to enter upon land'" [citation omitted]).[5] Thus, when a bill seeks discovery alone, discovery is available "where the statutory procedure[s] [are] inadequate to obtain the necessary information, and . . . where the information sought could have been obtained under a pre-1851 bill for discovery." MacPherson, supra. In deciding whether to grant such discovery, a judge should bear in mind the "'limited purpose' for which [a bill for discovery] provides a 'practical and reasonable' discovery procedure and that the relief granted is within these parameters." Wolfe, supra at 422, quoting MacPherson, supra at 105.

2. Mootness. We first address the defendants' argument that this matter is now moot either because of the statute of limitations such that a complaint for negligence would be time

---

[5] Wolfe was decided after the Massachusetts Rules of Civil Procedure became effective on July 1, 1974, but the new rules were not applicable to the case. See Wolfe, 366 Mass. at 419 n.1.

barred or because Atchue has died.  As a general rule, courts do not decide moot cases.  Branch v. Commonwealth Employment Relations Bd., 481 Mass. 810, 816 (2019), cert. denied sub nom. Branch v. Massachusetts Dep't of Labor Relations, 140 S. Ct. 858 (2020).  "[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome" and where a court thus cannot order any further effective relief.  Id. at 816-817, quoting Bronstein v. Board of Registration in Optometry, 403 Mass. 621, 627 (1988).

a.  Statute of limitations.  The defendants argue that the statute of limitations for negligence claims expired on the three-year anniversary of Atchue's fall, while this appeal was pending.  See G. L. c. 260, § 2A.  The defendants further contend that if Atchue can no longer bring a negligence claim, her complaint for discovery is moot because she no longer has a personal stake in obtaining the requested documents.  Atchue does not dispute that the statute of limitations for negligence claims is three years and instead argues that if she is permitted, on remand, to amend her complaint for discovery to add a negligence claim, that negligence claim would relate back to when she filed her complaint for discovery.  We agree.

When a new claim asserted in an amended pleading arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the

amendment . . . relates back to the original pleading." Mass. R. Civ. P. 15 (c), 365 Mass. 761 (1974). Atchue's complaint alleged that she fell while being transferred by aides at her assisted living facility. To the extent that Atchue seeks to amend her complaint to add a claim for negligence arising out of that very fall, we have no trouble concluding that such a claim would arise out of the occurrence set forth in the original pleading. See Cimino v. Milford Keg, Inc., 385 Mass. 323, 333 (1982) (new emotional distress claim arose out of same car accident that gave rise to original wrongful death claim). Contrast Weber v. Community Teamwork, Inc., 434 Mass. 761, 784-785 (2001) (new retaliation claim, for employer's refusal to provide reference letter after plaintiff filed complaint with Massachusetts Commission Against Discrimination, did not relate back to plaintiff's original claims, which arose out of her termination).[6]

---

[6] While the defendants do not raise the argument, we note that there is no basis for us to conclude that, as a matter of law, a complaint for discovery cannot be amended to add a substantive claim. See Etienne v. Oyake, 347 F. Supp. 2d 215, 220-222 (D.V.I. 2004) (treating discovery action as complaint, amendment allowed as of right). See also Surface v. Town of Bay Harbor Islands, 625 So. 2d 109 (Fla. Dist. Ct. App. 1993) (labeling complaint as bill of discovery not bar to amendment adding statutory cause of action). Nor is there any basis for us to conclude that a complaint seeking equitable relief cannot be amended to include a claim at law. See Senior Hous. Props. Trust v. HealthSouth Corp., 447 Mass. 259, 268 n.24 (2006) ("If a complaint seeking only equitable relief is later amended to

Through the relation back doctrine, Atchue offers a feasible means by which her potential negligence claim is not barred by the statute of limitations. Remand is appropriate in these circumstances. Cf. Gonzalez v. Commissioner of Correction, 407 Mass. 448, 453 (1990) (where class action improperly certified because issue had become moot as to named plaintiffs, "better course" was to remand to see if someone else would seek to be admitted as class representative); Dwyer v. Globe Newspaper Co., 367 Mass. 910, 911 (1975) (due to developments in law occurring after case was on appeal, justice "best served" by remanding with instructions that plaintiff could file motion to amend). Any prejudice to the defendants is for the judge to weigh on remand. See Cimino, 385 Mass. at 333.[7]

_____

seek money damages, a jury demand as to the legal issue may then be made").

[7] We recognize that Atchue also may be able to argue that the statute of limitations was equitably tolled, although we acknowledge that the doctrine is sparingly used. See Shafnacker v. Raymond James & Assocs., 425 Mass. 724, 728 (1997) (equitable tolling sparingly used doctrine generally limited to instances of excusable ignorance, defective pleading, or misconduct by defendant [quotations and citations omitted]). Compare Tardanico v. Aetna Life & Cas. Co., 41 Mass. App. Ct. 443, 446 (1996) ("a statute of limitations may be tolled . . . by reason of the employer having caused the employee to delay acting, i.e., an equitable estoppel"); Cherella v. Phoenix Techs. Ltd., 32 Mass. App. Ct. 919, 920 (1992) (where defendant "encourages or cajoles the potential plaintiff into inaction, that conduct may be a basis of extending the limitations period as matter of equity"). We do not reach this issue.

b.  Survival of complaint after death.  Nor is this matter moot as a result of Atchue's death.  At common law, contract actions survived the death of a party, while tort actions did not.  Kraft Power Corp. v. Merrill, 464 Mass. 145, 150 (2013).  The Legislature has since enacted the survival statute, G. L. c. 228, § 1, to expand the common-law rule.  See Kraft Power, supra.  Pursuant to that statute, and as relevant here, actions of tort "for assault, battery, imprisonment or other damage to the person" now survive death.  G. L. c. 228, § 1 (2) (a).  There is no doubt that Atchue's potential negligence claim for her foot injury would fall within the survival statute as a tort for damage to the person.  The defendants argue, however, that her complaint for discovery is neither a contract action that survives death under common law nor one of the enumerated tort actions that survive death under G. L. c. 228, § 1.  We disagree.  See Harrison v. Loyal Protective Life Ins. Co., 379 Mass. 212, 215 (1979) ("[I]t is plain from the structure and language of the statute that the Legislature did not intend to give an exhaustive list of torts which would survive and thereby to imply that those not so listed must abate upon death as they had at common law.  On the contrary, the Legislature intended to abrogate the common[-]law nonsurvival rule by virtue of a flexibly drawn statute which gives a partial listing of torts that should survive followed by the broad phrase 'or other

damage to the person.'  This phrase clearly leaves room to accommodate other torts which the court might deem to involve damage to the person.  Thus the statute is sufficiently dynamic to allow for a change in judicial conceptions of what types of harm constitute legally redressable 'damage to the person'").  Accord Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165, 179 (2013).

Moreover, the defendants' argument overlooks the fact that a complaint for discovery is an equitable remedy in aid of an action at law.  We discern no reason why, where the administrator of an estate has the ability to pursue an action at law on behalf of a decedent, the administrator of the estate would not have the same ability as the decedent to obtain prelawsuit discovery through a complaint for discovery.  See generally Reynolds v. Burgess Sulphite Fibre Co., 71 N.H. 332 (1902).  We thus conclude that whether a complaint for discovery survives death turns on whether the underlying action at law survives death.  See, e.g., Moore v. Backus, 78 F.2d 571, 576-577 (7th Cir.), cert. denied, 296 U.S. 640 (1935) (where plaintiff's underlying claim survived his death, so too did his bill for discovery).  Because Atchue's potential negligence claim survives her death, so too does her complaint for discovery.

3.  Motion to dismiss.  Having concluded that this matter is not moot, we turn to the merits of the defendants' motion to dismiss.  Prior to receiving the complaint for discovery and in response to requests made by Atchue by letter, the defendants produced 870 pages of documents, but the defendants did not produce the key documents that were always the focus of Atchue's requests, the incident reports for the incident in question. The sole basis asserted in the defendants' motion to dismiss was that Atchue's complaint for discovery did not comply with Mass. R. Civ. P. 27 (a), as amended, 423 Mass. 1401 (1996), which concerns prelawsuit depositions.  This argument fails for the simple reason that Atchue was not seeking a deposition pursuant to rule 27.  She was instead seeking the production of documents, and only documents, pursuant to a complaint for discovery, an alternative common-law equitable remedy that was not supplanted by the Massachusetts Rules of Civil Procedure. See Wolfe, 366 Mass. at 419 ("rather than supplanting the bill of discovery, statutory remedies are supplemented by it").

The proper inquiry is whether the rules of civil procedure were "inadequate to obtain the necessary information," and whether Atchue's complaint for discovery complied with applicable common-law requirements.  MacPherson, 336 Mass. at 100.  In addressing this question, we note that the judge did not hold a hearing on the merits of Atchue's document requests

and that, according to the docket, the motion appears to have been decided under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).[8]  We do not address whether, after a hearing on the merits of the document requests, it would have been an abuse of discretion for the judge to deny the requests, as that issue is not before us.  See Shorey v. Lincoln Pulp & Paper Co., 511 A.2d 1076, 1078 (Me. 1986) (in case involving bill for discovery, usual rule of reviewing for abuse of discretion did not apply where "presiding justice failed to exercise any discretion because he erroneously concluded that he lacked the power to grant the relief sought by the plaintiff").

It is undisputed that Atchue had an injury -- a broken foot and contusions.  Taking her allegations as true and drawing all reasonable inferences in her favor, however, she did not know whether she had a viable claim for negligence and she did not know who was aiding her when she fell.  Thus, as is true in other cases involving bills for discovery, the plaintiff alleged a specific and definite injury and requested discovery to determine whether the defendants' negligence caused that injury and whom she might sue.  See, e.g., MacPherson, 336 Mass. at 95

---

[8] The docket describes the motion as a "12 (b) motion to dismiss."  The only subsection of rule 12 (b) that applies to the defendants' arguments is rule 12 (b) (6) for failure to state a claim.  As noted above, the motion judge did not explain why he allowed the motion to dismiss.

(plaintiff, who came into contact with high voltage wire owned by defendant, brought bill for discovery to inspect wires). The defendants counter that this equitable remedy was not available to Atchue because she did know the factual basis for her potential negligence claim and that she thus could have filed that claim and then sought discovery pursuant to the Massachusetts Rules of Civil Procedure.[9] The defendants point to the fact that Atchue, prior to filing her complaint for discovery, sent the defendants a G. L. c. 93A demand letter. This was not the end of the exchange between the parties, however. The defendants responded by disputing all liability.

The defendants' argument thus ignores the fact that, having completely denied any liability, they were attempting to dissuade Atchue's counsel from filing an action, asserting that there was no good ground to support Atchue's claim. Atchue alleged that she needed certain documents about her own care to assess the viability of a negligence claim, that the requested documents were in the exclusive possession of the defendants,

---

[9] The approach suggested by the defendants could run afoul of Mass. R. Civ. P. 11 (a), as amended, 456 Mass. 1401 (2010) ("The signature of an attorney to a pleading constitutes a certificate by him . . . that to the best of his knowledge, information, and belief there is a good ground to support it. . . . For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action").

and that she had no other means of obtaining them. Accepting these allegations as true, as we must, it is reasonable to infer that Atchue needed the requested documents -- specific documents about the precise incident at issue -- to see if they supported the defendants' version of events.[10] See, e.g., Backlund, 352 Mass. at 776 (viewing petition to examine allegedly defective piece of machinery as bill for discovery in aid of possible action at law against manufacturer, no abuse of discretion in granting requested relief). These are the precise set of circumstances in which a complaint for discovery is an available means of relief. See Wolfe, 366 Mass. at 419. This was not a fishing expedition between commercial competitors. Atchue suffered a concrete injury, possibly through negligence, and asserted that she needed the records to assess the viability of that potential claim. The complaint for discovery complied with common-law requirements, and there was no adequate remedy under the rules of civil procedure for requesting such documents.

The defendants also contend that Atchue's complaint for discovery does not meet the requirement of "address[ing] a

---

[10] In reaching this conclusion, we are particularly mindful that we do not know the extent to which Atchue was able to describe what happened and how it happened. We also note that the defendants do not argue the availability of other prelawsuit procedures by which Atchue could have tried to obtain the documents.

'limited purpose' for which it provides a 'practical and reasonable' discovery procedure."[11]  Wolfe, 366 Mass. at 422, quoting MacPherson, 336 Mass. at 105.  We are mindful that a complaint for discovery should not be used to obtain discovery to fish for a potential claim, and we assume without deciding that this equitable remedy should be used sparingly and only when there is a known injury.  Here, as noted above, Atchue did suffer an injury and sought only specific documents about the precise incident in question to see if they supported what she believed to have occurred -- that she fell while being transferred by aides.[12]  Regardless, the scope of Atchue's

_____

[11] The defendants raise this argument in the context of suggesting that we could affirm on the alternative basis of undue burden, but the defendants have not provided -- either here or below -- any information regarding the scope of responsive documents or how burdensome it would be for them to produce those documents.  This argument may be raised at a hearing on the merits of Atchue's document requests.  See Wolfe, 366 Mass. at 422 ("At a hearing on the merits of the bill [for discovery, the defendant] may object to discovery of confidential or excessively numerous documents.  The trial judge, in his discretion, may then dismiss the bill or order discovery in whole or in part").

[12] As we have noted, the plaintiff, an elderly woman living in an assisted living facility, allegedly fell while being transferred by aides and sought reports related to that precise incident.  Whether it was in that fall or otherwise, she demonstrated unexplained injuries -- a broken foot and contusions.  This was not a fishing expedition that lacked a factual or legal basis.  See, e.g., Pitts v. Wingate at Brighton, Inc., 82 Mass. App. Ct. 285, 289-292 (2012) (jury reasonably could have concluded, without aid of expert

document requests goes to the merits of her complaint for discovery. See Wolfe, supra. Atchue's complaint for discovery, however, never reached that stage. The judge never held a hearing on the merits of the document requests and instead dismissed Atchue's complaint for the production of documents. This was error.

The defendants raise two other arguments. First, relying on more recent cases in which bills for discovery were brought against third parties, the defendants argue that Atchue's complaint for discovery fails because it was brought against the very entities likely to be named as defendants in Atchue's proposed litigation. But, historically, bills for discovery were typically brought against parties to the proposed litigation. See MacPherson, 336 Mass. at 103-104. It was the exception that bills for discovery were permitted against third parties. See id. at 104.

Second, the defendants argue that the requested documents are privileged work product. There is no basis in the record for us to affirm on this ground. The defendants never produced a privilege log or any other pertinent information that would have allowed the judge below, or this court on appeal, to assess

testimony, that plaintiff's injuries were caused by fall while being transferred by nursing home aides).

the merits of the defendants' objections to Atchue's document requests.  See <u>Hanover Ins. Co</u>. v. <u>Rapo & Jepsen Ins. Servs., Inc</u>., 449 Mass. 609, 619 (2007) (party asserting work product has burden to show privilege applies).[13]

<u>Conclusion</u>.  The judgment is vacated, and the matter is remanded for further proceedings consistent with this opinion.

<u>So ordered</u>.

---

[13] As with the defendants' argument regarding undue burden, the work product argument may be raised in a hearing on the merits of the document requests.  See note 11, <u>supra</u>.